REEFER EXPRESS LINES (BERMUDA) PTY., LTD., Plaintiff,

v.

ARKWRIGHT–BOSTON MANUFACTUR-ERS INSURANCE CO., INC., St. Paul Fire and Marine Insurance Co., and Northwestern National Insurance Co., Defendants.

No. 75 Civ. 6515 (WK).

United States District Court, S. D. New York.

July 7, 1980.

Lovejoy, Wasson, Lundgren & Ashton, New York City, for plaintiff; Anthony F. Lofrisco, Morton Apfeldorf, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendants; Sheldon A. Vogel, John R. Foster, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

On June 14, 1974, in the course of a trans-Atlantic voyage from Dunkirk, France to Puerto Cabello, Venezuela, a fire broke out on board the vessel SATSUMA-RU 58, which vessel had been chartered in 1973 by its owner, Satsumaru Kayun Co. Ltd. ("Satsumaru"), a Japanese company, to plaintiff for a period of from one to seven years. As a consequence of said fire, Satsu-

maru demanded damages from plaintiff and initiated an arbitration proceeding in Tokyo. According to the complaint in this action, plaintiff, claiming that the SATSU-MARU 58 was covered by a particular marine insurance policy which had been issued by defendant insurance companies, requested that defendants acknowledge their liability under said policy and assume the defense in the Tokyo arbitration proceeding. However, defendants allegedly refused to do so. Thereupon, plaintiff commenced the instant law suit as an action for a declaratory judgment by this court that defendants were required to indemnify plaintiff for any liability it had incurred as the result of the fire, and to assume the defense in the arbitration proceeding.

Plaintiff is a foreign corporation incorporated under the laws of Bermuda. Defendants are insurance companies incorporated respectively in Massachusetts, Minnesota and Wisconsin, and all three maintain offices for the regular conduct of business in New York City within this district. According to paragraph 5 of the complaint, "[t]his is a civil case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, and this Court has jurisdiction pursuant to 28 U.S.C. and pursuant to 28 U.S.C. § 1332(a) [i. e., diversity]." Neither plaintiff nor defendants demanded a jury trial.

Following the taking of a single deposition, the action at bar was placed on this court's suspense calendar pending the resolution of the arbitration proceeding. Following several arbitration hearings, in which—according to plaintiff—defendants refused to participate and for which plaintiff engaged legal counsel in both New York and Tokyo, plaintiff and Satsumaru settled the arbitration in June of 1979.

Plaintiff now moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend its complaint by converting the declaratory judgment action into one for money damages in the amount of $358,030.22, plus interest, costs and disbursements "[a]s a result of the acts and omissions of the defendants in disclaiming liability and refusing to indemnify plaintiff and undertake legal representation of plaintiff in the arbitration in Tokyo." Plaintiff also moves pursuant to Rule 39(b) for a jury trial of all issues raised in the amended complaint. Paragraph 5 of the proposed amended complaint asserts diversity as the exclusive basis for jurisdiction.

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.* (1971) 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis* (1962) 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. See also *Gillespie v. U.S. Steel Corp.* (1964) 379 U.S. 148, 158, 85 S.Ct. 308, 314, 13 L.Ed.2d 199. We have no reason to suspect that there has been any "undue delay, bad faith or dilatory motive on the part of the movant", or that there might be "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis, supra,* 371 U.S. at 182, 83 S.Ct. at 230. *Cf. Zenith Radio Corp. v. Hazeltine Research, Inc., supra,* 401 U.S. at 330–31, 91 S.Ct. at 802. Furthermore, defendants have not opposed the motion to amend except insofar as it relates to and includes the demand for a jury trial. Consequently, the motion to amend the complaint is granted.

However, we are constrained to deny plaintiff's motion for a jury trial except as to damages if liability should be established, on the ground that it waived such trial as to all issues except damages by not timely demanding it upon commencing this action.

Rule 38(b) provides:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

Pursuant to Rule 38(d), "[t]he failure of a party to serve a demand as required by this rule . . . constitutes a waiver by him of trial by jury."

There is no question that plaintiff could have demanded a jury trial as of right when it initiated this action. Paragraph 5 of the original complaint asserts that "[t]his is a civil case of admiralty and maritime jurisdiction", but it also sets forth diversity pursuant to 28 U.S.C. § 1332(a) as an alternate jurisdictional ground. Admittedly, there is no right to a jury trial in cases of admiralty jurisdiction. In essence, however, this action—as opposed to the Tokyo arbitration between plaintiff and Satsumaru—is not rooted in maritime law but rather is contractual in nature, depending for its resolution on whether or not the SATSUMARU 58 during the voyage in question was covered by a particular insurance policy, and on a determination of defendants' obligations, if any, to plaintiff under the terms of such policy. Consequently, plaintiff in its complaint could have asserted diversity as the exclusive jurisdictional basis for the action —which, indeed, is precisely what it does in paragraph 5 of the proposed amended complaint.

Furthermore, "it is quite clear . . . that jury trial may be had as of right in a declaratory action such as this which at bottom concerns the duty of a contract-obligor to pay money on the fulfillment of a condition." *(American) Lumbermens Mut. Casualty Co. of Illinois v. Timms & Howard* (2d Cir.1939) 108 F.2d 497, 499. In fact, Rule 57 of the Federal Rules of Civil Procedure specifically provides that "[t]he procedure for obtaining a declaratory judgment pursuant to Title 28 U.S.C. § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39." Although plaintiff "would not have been entitled to a jury trial on equitable issues, [it] might have demanded a jury trial on factual issues underlying the declaratory judgment action." *Guajardo v. Estelle* (5th Cir.1978) 580 F.2d 748, 752. We must conclude, therefore, that since plaintiff could have demanded a jury trial at the inception of this action, its failure to do so constitutes a waiver of such jury trial.

Plaintiff urges, however, that "in any event, the court, in its discretion pursuant to Rule 39(b), should order a jury on all issues." Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury trial in an action in which such a demand might have been made of right, the court in its discretion may order a trial by jury of any or all issues."

Plaintiff overestimates the permissible scope of our discretion under this rule. It is true, as one respected authority on federal procedure has observed, that "[c]ategorical criteria underlying the exercise of judicial discretion do not exist, for the resulting rigidity would be contra to the *raison d'être* of 'discretion'." 5 J. Moore, Federal Practice, ¶ 39.09 at 722 (2d ed.1979). Nevertheless, it is equally true that in this Circuit at least a trial judge has only limited discretion under Rule 39(b). "Where the plaintiff is able to show nothing more than 'mere inadvertence,' this Court may not exercise its discretion to overcome the waiver by ordering a trial by jury pursuant to Fed.R. Civ.P. Rule 39(b)." *Add-A-Bin Co. v. M.S.D. Hot Mix Surge & Storage Equipment Corp.* (S.D.N.Y.1972) 54 F.R.D. 1, 2. See also *Noonan v. Cunard Steamship Co.* (2d Cir.1967) 375 F.2d 69, 70; *Board of Education School District No. 2 v. Aetna Casualty & Surety Co.* (S.D.N.Y.1969) 48 F.R.D. 402; *Cataldo v. E.I. Du Pont De Nemours & Co.* (S.D.N.Y.1966) 39 F.R.D. 305. Accordingly, "the area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." *Noonan v. Cunard Steamship Co., supra,* 375 F.2d at 70 (Emphasis in original). Accord *Galella v. Onassis* (2d Cir. 1973) 487 F.2d 986, 996–97; *Lynch v. Consolidated Rail Corporation* (S.D.N.Y.1977) 76 F.R.D. 147. In the case at bar, plaintiff has failed to suggest any valid reasons why we should exercise our discretion and grant the desired relief. A belated change of strategy by counsel is clearly not sufficient for Rule 39(b) relief. Specifically, plaintiff cannot at this stage of the proceedings be allowed to elicit the aid of this court in order to make an end run around its effective waiver of a jury trial.

Finally, plaintiff contends that it has raised new issues in the amended complaint, and that therefore a jury trial is warranted at least as to those issues. To the extent that the amended complaint in fact changes the issues or raises new ones, plaintiff's right under Rule 38(b) to demand a jury trial is revived. *Lanza v. Drexel & Co.* (2d Cir.1973) 479 F.2d 1277, 1310; *First Wisconsin National Bank of Rice Lake v. Klapmeier* (8th Cir.1975) 526 F.2d 77, 80. However, it is undisputed that "when a party has waived the right to a jury trial with respect to the original complaint and answer by failing to make a timely demand, amendments of the pleadings that do not change the issues do not revive this right . . ." *Western Geophysical Company of America, Inc. v. Bolt Associates, Inc.* (2d Cir.1971) 440 F.2d 765, 769. Accord *Lanza v. Drexel & Co., supra.* In the case at bar, plaintiff has raised no new issues in the amended complaint except for those presented with regard to damages. The other issues that would have been decided in the declaratory judgment action had it gone to trial—i. e., whether defendants were required under the particular insurance policy mentioned in the complaint[1] to indemnify plaintiff for any liability it had incurred as a result of the fire aboard the SATSUMARU 58, and to assume legal representation of the defense in the Tokyo arbitration proceeding—are the same ones which underlie the demand for damages which plaintiff asserts in its amended complaint. Thus, plaintiff's Rule 38(b) right to demand a jury trial has only been revived to the extent of allowing for such a trial as to damages in the event that liability should be established.

Defendants, citing *Parissi v. Foley* (2d Cir.1953) 203 F.2d 454, urge that we should deny the jury demand even as to damages in the exercise of our discretion. We are not persuaded that *Parissi* supports defendants' position. In that case, the granting of the jury demand would have required the retrial before a jury of many of the issues already heard by the court in the course of sixteen days of trial. "Justice did not require such repetition and delay." 203 F.2d at 456. In the case before us, on the other hand, the question of liability can be tried precisely as it would have been without the amendment, and the issue of damages can be resolved at a later time if liability should be established.

Plaintiff's motion for leave to amend the complaint is granted, and its motion for a jury trial is denied except as to damages. In the event that liability should be established, the question of damages will be tried to a jury.

SO ORDERED.

---

1. The amended complaint is based on a different insurance policy than the one referred to in the original complaint (compare ¶ 6 of the complaint with ¶ 6 of the amended complaint). Both policies were underwritten by the same defendants in the face amount of $5,000,000 and contain identical provisions relevant to this action (compare ¶¶ 7 and 8 of the complaint with ¶¶ 7 and 8 of the amended complaint), but were issued on different dates. Plaintiff has suggested no reason to suspect that so amending the complaint might somehow affect the issues at trial.