**Dennis LANDAU and Shirley Landau, Plaintiffs,**

v.

**NATIONAL RAILROAD PASSENGER CORP., Defendant.**

**No. 82 CIV 7809 (LBS).**

United States District Court,
S.D. New York.

May 4, 1983.

Michael D. Carlin, New York City, for plaintiffs.

Bleakley, Platt, Remsen, Millham & Curran, New York City, for defendant; Robert L. Conkling, Lloyd H. Baker, New York City, of counsel.

## OPINION

SAND, District Judge.

Plaintiffs' motion for relief from a waiver of a jury trial calls for this Court to consider the application of *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, decided by the Second Circuit on March 10, 1983.

On October 27, 1982, plaintiffs commenced this action in the Supreme Court of the State of New York, County of New York, by service of a summons and verified complaint. On November 9, 1982, a summons and amended verified complaint were served by mail on defendant.

On November 24, 1982, prior to the filing of an answer or any other pleading, defendant removed this case to this Court pursuant to 28 U.S.C. § 1441. Plaintiffs were notified of this removal. On November 29, 1982, defendant answered the complaint and issue was joined.

On January 29, 1983, plaintiffs served upon defendant a demand for a jury trial which defendant immediately rejected and returned on the ground that it was untimely under F.R.Civ.P. 38(b) and that plaintiffs had waived their right to a jury trial. Pursuant to F.R.Civ.P. 81(c), a timely demand for a jury had to be made within ten days of service of notice of the removal petition.

By affirmation in support of the motion, Michael D. Carlin, plaintiffs' counsel, asserts (¶ 6) that he "is essentially a state court practitioner, familiar with the procedural rules of the New York State courts. As a result, I served the demand for a jury trial under the impression that a jury demand could be filed at any stage of the proceeding."

Prior to *Cascone,* a plea for relief predicated on "mere inadvertence" by counsel versed in state procedure but on unfamiliar grounds in federal court would generally have fallen on deaf ears as being contrary to *Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir.1967). But *Cascone* has placed a significant gloss on *Noonan.* The Court of Appeals noted that "[a]lthough not mentioned as a basis of the decision, the plaintiff who neglected to ask for a jury trial in *Noonan* had chosen to file the suit in federal court. In that setting, it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide the procedures followed there". *Cascone, supra* at 392. But where it is the defendant who removes the action, there is "play in the joints"—*i.e.,* discretion in the district court.

Endowed therefore by *Cascone* with such discretion, we note that plaintiffs' jury demand was filed relatively soon after the action was commenced, before any discovery has been conducted and before there has been any significant reliance by defend-

ant on the case being tried without a jury. We recognize that in *Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975), a case cited approvingly in *Cascone,* an assumption by both sides that the case would be tried before a jury was a factor deemed to warrant relief from an alleged waiver. The same reasoning would appear to warrant denial of relief where there has been long standing reliance on a trial to the court. But where, as here, there has been no reliance and no claim of prejudice by the defendant, one must look elsewhere to determine how discretion should be exercised.

A further consideration is the nature of the action. Here, plaintiff Dennis Landau alleges that he was wrongfully detained and beaten by defendants' police officers and falsely and maliciously charged with disorderly conduct and loitering, which charges were subsequently dismissed in Criminal Court. The alleged victim's wife sues for loss of services. Compensatory and punitive damages are sought and the ad damnum clause sets forth a claim for several millions of dollars.

It would be an understatement to say that a case of this sort is usually or classically tried by a jury. Surely, no competent personal injury plaintiff's counsel would consciously frame such a complaint and waive a jury. The settlement value of this case—and of course at this procedural stage of the case, the Court has made no inquiry as to its merits—will be radically affected by the outcome of this motion.

There is much to be said in favor of rigid adherence to deadlines. If such rules are too lightly set aside, they fail to serve their intended purposes. A line down the middle of a highway must be clearly and certainly identifiable.

But if there is to be "play in the joints", we must also recognize that behind all of the procedural rules and regulations lurks a hapless client who bears no personal responsibility for this dilemma. To relegate the plaintiffs to the uncertain remedy of a malpractice claim against their counsel would seem unjust where, as here, there is absolutely no showing of prejudice to the de-

fendant. All that the defendant will suffer is the loss of the windfall benefit it would have gained by virtue of plaintiffs' counsel's unfamiliarity with the federal rules.

Which is not to say that this Court will routinely grant motions of this sort. Where appropriate, a defendant is free to contest plaintiffs' counsel's assertions of lack of federal court experience. It would be difficult to conjecture an instance in which this relief would be twice granted to the same attorney.

But on balance, we are satisfied that in this case, plaintiffs are entitled to the lenient exercise of the Court's discretion and the motion is granted.

SO ORDERED.