Hedy UNGER and Kurt Unger,
Plaintiffs,

v.

CUNARD LINE, INC., Defendant.

No. 81 Civ. 6098 (SWK).

United States District Court,
S.D. New York.

Jan. 6, 1984.

Fetell & Coen, P.C. by Seth E. Coen, Peter I. Hoppenfeld, Brooklyn, N.Y., for plaintiffs.

Kirlin, Campbell & Keating by Karen Hildebrandt, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action came before this Court upon plaintiffs' motion for leave to file a late jury demand. For the reasons stated below, plaintiffs' motion is hereby granted.

On September 10, 1981, plaintiffs commenced this action in the Supreme Court of the State of New York, New York County, by service of a summons and verified complaint.

On October 2, 1981, prior to the filing of an answer or any other pleading, defendant removed this case to this Court, pursuant to 28 U.S.C. § 1441, by the filing of a petition and undertaking for removal. Notice of the removal was served on plaintiffs by mail on October 5, 1981. On October 13,

1981, defendant filed its answer to the complaint and issue was joined.

On October 13, 1983, precisely two years after issue was joined in this case, plaintiffs filed the within motion for leave to file a jury demand. Pursuant to Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure, a timely demand for a jury had to be made within ten days of service of the answer.* No demand was made at that time; therefore, a trial by jury was waived by all parties herein. Fed.R.Civ.P. 38(d). Plaintiffs now seek relief from that waiver.

■ Plaintiffs' counsel admits that the failure to timely file a jury demand herein was due to the mere inadvertence of counsel in failing to adapt its practice from the state procedural rules applicable where the case was filed to the federal procedural rules properly applicable to this case after defendant removed it. Nonetheless, the Court has broad discretion pursuant to Fed. R.Civ.P. 39(b) to grant plaintiffs relief from this waiver in a case removed by defendant. *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389 (2d Cir.1983); *Landau v. National R.R. Passenger Corp.,* 97 F.R.D. 723 (S.D.N.Y.1983).

■ The Court recognizes that long standing reliance by a party on a trial to the Court may justify denying plaintiffs relief. *See Landau,* 97 F.R.D. at 725; *see also Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975). This is because a party may have prepared the case so differently anticipating a bench trial that it would be unduly prejudiced by the prospect of a trial by jury. Defendant, attempting to avail itself of this argument to avoid a jury trial, asserts in its Memorandum of Law that it "has, for two years, been preparing its case as a non-jury action, and to allow a jury trial would severely prejudice it" (p. 9). Defendant's mere asseveration of this shibboleth, however, without any substantiation of how it has done anything differently or

---

\* Rule 81(c) makes the Federal Rules applicable to removed actions. Rule 81(c) also delineates the requirements for filing jury demands in certain removed actions; however, it does not delineate the requirements in actions such as this, where removal occurs before an answer has been filed. Since the remainder of the Federal Rules are applicable, Rule 38(b) therefore governs the requirements in this case.

how it will be prejudiced does not move this Court to exercise its discretion in defendant's favor.

On the other hand, customary New York practice permits late filings and provides that a jury demand will be granted "if no undue prejudice to the rights of another party would result." N.Y.Civ.Prac.Law § 4102(e) (McKinney 1963). This Court finds that no undue prejudice will result.

In addition, this is a personal injury action and hence traditionally tried to a jury. The nature of the action is a relevant factor in deciding whether to grant plaintiffs' request. *Cascone,* 702 F.2d at 392; *Higgins,* 526 F.2d at 1007; *Landau,* 97 F.R.D. at 725 ("Surely, no competent personal injury plaintiff's counsel would consciously . . . waive a jury").

Finally, this Court recognizes, as Judge Sand so eloquently put it, "that behind all of the procedural rules and regulations lurks a hapless client who bears no personal responsibility for this dilemma." *Landau,* 97 F.R.D. at 725. Since this is a removed action and no prejudice to defendant will ensue, the Court finds that the proper exercise of its discretion is to grant plaintiffs' request, preserving inviolate plaintiffs' constitutional rights in spite of counsel's sloppiness.

Plaintiffs' motion for leave to file a jury demand is therefore GRANTED. The Joint Pre-Trial Order (Jury), any proposed *Voir Dire,* and Requests to Charge are to be submitted to the Court on or before February 14, 1984. This case shall be put on the Ready Trial Calendar of this Court on April 23, 1984. As of that day, the parties will be on forty-eight hours notice to be ready for trial.

SO ORDERED.