**Victor ALVARADO, Plaintiff,**

v.

**Sgt. SANTANA–LOPEZ, et al., Defendants.**

**No. 81 Civ. 6838 (SWK).**

United States District Court, S.D. New York.

April 20, 1984.

Debevoise & Plimpton by Susan G. Pender, New York City, for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y. by Frederick S. Cohen, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action came before this Court upon defendants' motion for trial by jury. For the reasons stated below, defendants' motion is denied.

### BACKGROUND

Plaintiff, a prisoner, commenced this action, pursuant to 42 U.S.C. § 1983 for damages arising from an alleged beating by certain prison guards, on November 5, 1981, by filing the complaint herein. Defendants answered the complaint on December 10, 1981.

On, or about, February 3, 1984, defendants filed a demand for a jury trial, purportedly pursuant to Rule 38(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1873.* Plaintiff opposed defendants' demand for a jury trial.

### DISCUSSION

Rule 38(a) preserves the right of trial by jury for parties to civil actions in this Court. It does not, however, address how that right is to be effectuated. Rule 38(b), which does address the mechanism

---

* 28 U.S.C. § 1873, entitled "Admiralty and Maritime Cases," is inapplicable to this case.

for effectuating that right, provides, in relevant part, as follows:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving ... a demand therefor in writing ... not later than 10 days after the service of the last pleading directed to such issue.

As noted above, the last pleading in this case was filed on December 10, 1981. Obviously, defendants' demand, filed some 784 days later, was not served within 10 days as required by Rule 38(b).

Rule 38(d), addressing in no uncertain terms the effect of failure to comply with subsection (b), provides that such failure "constitutes a waiver ... of trial by jury." Thus, defendants' having failed to file a timely demand waived their right to a jury trial, and cannot avail themselves of Rule 38(a). *See Hilliard v. Scully*, 537 F.Supp. 1084 (S.D.N.Y.1982).

Rule 39(b) provides, in relevant part, that "notwithstanding the failure of a party to demand a jury ... the court in its discretion upon motion may order a trial by a jury." Defendants simply attempted to file a jury demand. They did not move, pursuant to Rule 39(b), for leave to file an untimely demand; nonetheless, the Court will construe defendants' demand as a motion for leave to file an untimely demand.

■ The rule in this circuit for deciding Rule 39(b) motions in cases originating in federal court is quite clear and strict: something beyond the mere inadvertence of counsel is required to relieve a party from its waiver. *See Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967). Although criticism of that rigid rule has led to an expansion of the discretion accorded district courts for granting relief from potentially unwitting waivers in *removed* cases (*see Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir.1983); *Unger v. Cunard Lines, Inc.*, 100 F.R.D. 472 (S.D.N.Y.1984)), the rigid rule discussed in *Noonan* remains the rule in this circuit for *non-removed* cases. *See Washington v. New York City Board of Estimate*, 709 F.2d 792 (2d Cir.1983) (*pro se* plaintiff

waived jury trial); *see also Cascone*, 702 F.2d at 393. Since this case originated in this Court, defendants were aware, from the outset, that the Federal Rules of Civil Procedure applied, including the waiver provisions of Rule 38(d). Thus, they must show something beyond the mere inadvertence of counsel to obtain relief from their waiver. This they have failed to do.

■ In support of their demand for a jury trial, defendants argued, in relevant part, as follows:

> 2) Inasmuch as discovery has now been completed and defendants have been able to evaluate the facts, issues and legal positions of all the respective parties, defendants sincerely believe that in order to prevent any possibility of a manifest injustice, this case should properly be tried before a jury of their peers. ... Defendants were not fully prepared prior to the date of discovery termination to thoroughly evaluate the broad impact upon all parties concerned herein of the total quantum of discovery materials, *i.e.*, the evidence to be adduced at trial.

These arguments can fairly be summarized as follows: the defendants were unable to properly assess whether they wanted a jury trial until the completion of discovery. The existence of, and course followed by, discovery should rarely, if ever, be a justification for failing to file a timely jury demand. The drafters of the Federal Rules of Civil Procedure created Rule 38, as well as Rules 26 through 37. They obviously contemplated the early filing of a jury demand, before substantial discovery had transpired, and in spite of the beneficial hindsight often gained preparing for trial through discovery. Viewed most generously, the defendants merely overlooked the need to file a timely jury demand without the benefit of discovery. Defendants may, on the other hand, have taken a calculated gamble that discovery would prove a jury trial undesirable. *Cf., Reefer Express Lines (Bermuda) Pty., Ltd. v. Arkwright-Boston Mfrs. Ins. Co., Inc.*, 87 F.R.D. 133 (S.D.N.Y.1980) (change

of strategy not enough to relieve waiver). In either event, the defendants have shown nothing beyond mere inadvertence in their failure to timely file a jury demand.

Moreover, this Court is at a loss to understand why a jury is necessary (and consequently why the Court is powerless) "to prevent any possibility of a manifest injustice."

The trial shall proceed, as has been anticipated for the two and one-half years since the action was filed, as a bench trial. Defendants' motion for leave to file a late jury demand is hereby DENIED.

SO ORDERED.