**MARVEL ENTERTAINMENT GROUP, INC., Plaintiff,**

v.

**ARP FILMS, INC., Amerex Films, Inc. and Claude S. Hill, Defendants.**

**ARP FILMS, INC., Plaintiff,**

v.

**MARVEL ENTERTAINMENT GROUP, Defendant.**

**Nos. 86 Civ. 6751(EW), 86 Civ. 6759(EW).**

United States District Court, S.D. New York.

May 26, 1987.

made by Arp Films, Inc. (Arp) in two cases before this Court. Marvel is the owner of certain film properties of which Arp has been a distributor. Each party has filed suit alleging that the other breached their distribution agreement. Because this litigation comprises two consolidated cases—one commenced in this court and the other commenced in New York state court and removed to this Court—the chronology of the relevant pleadings and jury demands must be set out in some detail. Each case is considered separately below.

## I. The Jury Demand in Arp's Removed Action

The first action was commenced by Arp in the Supreme Court of the State of New York on July 30, 1986. The complaint alleged that Marvel had breached the parties' agreement by licensing certain films to third parties and by refusing to approve a proposed public offering of Arp stock. The complaint did not contain a jury demand. Marvel removed the Arp action to this Court on August 29, 1986, and on the same day Marvel commenced its own action against Arp in this Court. Arp thereafter moved to consolidate its action with Marvel's action, which motion was granted on October 20, 1986. 645 F.Supp. 876. Marvel filed an answer and counterclaims to Arp's removed complaint on November 20, 1986. On February 10, 1987, Arp responded to Marvel's counterclaims with a reply, which contained a jury demand. This pleading and jury demand was filed over 50 days after the service date of December 19, 1986, to which the parties had stipulated.

Marvel now moves that the jury demand be struck as untimely. Under Fed.R.Civ.P. 38(b), a jury demand must be made not later than 10 days after the service of the last pleading directed to the issue to be decided by the jury. Although the jury demand was made "within 10 days" of the reply because it was in the reply itself, Marvel cites *Larson v. General Motors*

Kenyon & Kenyon, New York City, for Marvel Entertainment Group, Inc.; Charles R. Brainard, Stuart J. Sinder, Howard J. Shire, Jonathan D. Reichman, of counsel.

Jared Stamell, Joseph Tabacco, Jr., New York City, of counsel, for Arp Films, Inc., Amerex Films, Inc., and Claude S. Hill.

## OPINION

EDWARD WEINFELD, District Judge.

Marvel Entertainment Group, Inc. (Marvel)[1] moves to strike two jury demands

1. Marvel Entertainment Group, Inc. was substituted for Cadence Industries, Inc. in this litigation. "Marvel" is used here to refer to both the current party and its predecessor.

*Corp.,*[2] for the proposition that Arp cannot extend the time limitation in Rule 38(b) by filing a late pleading.

In actions removed from state court, however, Rule 38(b) is not strictly applied. Under Fed.R.Civ.P. 81(c), a more lenient standard applies in assessing the timeliness of jury demands in certain removed actions, where differences between state and federal rules may trap the unwary. This problem is perhaps particularly likely to arise in cases removed from New York courts, where state law does not require a jury demand to be stated in a pleading, but rather in a "note of issue" that need not be served until the case is ready for trial.[3] Because Rule 81(c) fails to address the precise procedure followed in New York, federal courts in this state have applied Fed.R.Civ.P. 39(b),[4] which permits a Court to order a jury trial on all issues, to relieve parties in removed cases from their failure to file a jury demand in compliance with Rule 38(b).[5]

In *Cascone v. Ortho Pharmaceutical Corp.,*[6] our Court of Appeals advised that in removed cases, a Court should approach a late jury demand application "with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied."[7] Citing *Higgins v. Boeing Co.,*[8] the Court noted the relevance of such factors as whether the parties had assumed there would be a jury trial; whether the action is of a type traditionally tried by a jury; and whether the opposing party would be prejudiced by the late jury demand.

■ The facts of the instant case indicate that a jury trial should be granted. First, as in *Cascone,* it is Arp, the plaintiff, that made the jury demand in the action removed by Marvel, the defendant. Although lawyers admitted to practice in this Court are required to be familiar with its rules, our Court of Appeals has noted that a plaintiff's counsel, having initially filed a complaint in state court, might misunderstand the proper means of demanding a jury in a forum not of its own choosing.[9] Second, Arp's complaint seeks damages for breach of contract; since such actions are commonly heard by juries, there is no reason to presume that Arp contemplated a bench trial. Finally, Marvel has failed to identify any demonstrable prejudice it would suffer from Arp's untimely jury demand. Marvel cannot claim surprise, since it has been on notice of Arp's jury demand since February 10, 1987, and the parties have not yet had to file their pretrial papers.

Given that "courts [should] indulge every reasonable presumption against wavier" of

2. 134 F.2d 450, 452 (2d Cir.), *cert. denied,* 319 U.S. 762, 63 S.Ct. 1318, 87 L.Ed. 1713 (1943); *see Leighton v. New York, S. & W. R.R. Co.,* 36 F.R.D. 248 (S.D.N.Y.1964).

3. New York Civil Practice Law and Rules (N.Y. C.P.L.R.) § 4102(a) provides no time limit on the service of a "note of issue" demanding a jury. Service may thus be made just prior to trial. *See Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir.1983). Moreover, state courts will relieve a party of failure to serve a note of issue so long as "undue prejudice" will not result. N.Y.C.P.L.R. § 4102(e).

4. Rule 39(b) permits a Court to order a jury trial "on motion." This Court finds that Marvel's motion to strike Arp's jury demand permits resort to Rule 39(b); moreover, Arp specifically asked the Court to consider Rule 39(b) in its brief and at oral argument.

5. *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389 (2d Cir.1983); *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir.1975); *Catapano v. Western Airlines, Inc.,* 105 F.R.D. 621, 624 (E.D. N.Y.1985); *Mori v. Port Authority of New York and New Jersey,* 100 F.R.D. 810, 812 (S.D.N.Y. 1984); *Unger v. Cunard Line, Inc.,* 100 F.R.D. 472 (S.D.N.Y.1984); *Landau v. National R.R. Passenger Corp.,* 97 F.R.D. 723 (S.D.N.Y.1983).

6. 702 F.2d 389 (2d Cir.1983).

7. *Id.* at 392.

8. 526 F.2d 1004 (2d Cir.1975).

9. *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 392 (2d Cir.1983). .

the right to a jury,[10] and given the applicability of the principles set forth in *Cascone*, a jury trial will be ordered and Marvel's motion to strike the jury demand in Arp's reply is denied.

## II. The Jury Demand In Marvel's Action

As noted above, on the same day Marvel removed Arp's action to this Court, Marvel also commenced its own action in federal court. The two actions were consolidated on October 20, 1986. Arp filed its answer to Marvel's complaint on November 20, 1986. This answer contains a timely jury demand that is not, and cannot be, challenged by Marvel. On March 6, 1987, Arp moved for leave to file an amended answer which set forth three counterclaims, and, like the original answer, contained a jury demand. Although Marvel opposed the motion to amend the answer, it made no specific objection to the jury demand, nor did it suggest that if leave to serve the amended answer were granted, it should be conditioned upon waiver of a jury trial. This Court granted Arp's motion to serve the amended answer. Marvel now seeks reargument of that order and asks the Court to allow the amendment only upon the condition that the jury demand not apply to the counterclaims.

Of the three counterclaims, the first duplicates Arp's claims in its state court complaint that Marvel breached its contract by licensing third parties to distribute certain films and by failing to approve Arp's stock offering. The second counterclaim casts the same allegations in terms of a breach of the duty good faith, and the third counterclaim alleges that Marvel's refusal to approve the stock offering constituted interference with business relations and was intended to force Arp to abandon its rights under the parties' contract. Marvel, arguing that Arp's failure to make a timely jury

demand in the removed action amounted to a waiver of its right to a jury trial on claims related to the contract, asserts that Arp is bound by that waiver in the action commenced by Marvel in federal court. Marvel, without explanation, asserts that as a matter of fairness, the status quo should be maintained by denying Arp a jury trial on the counterclaims in the Marvel action.

■ As discussed above, this Court has already determined that the Arp removed action is to be tried to a jury. Yet even if Arp were bound by an alleged waiver of its right to a jury in the removed action, that waiver would not foreclose Arp's right to a jury in the action initiated by Marvel. The two cases, even after removal and consolidation, remain separate. As the Supreme Court has noted, in language adhered to by this Circuit in cases consolidated pursuant to Fed.R.Civ.P. 42(a), "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."[11] The pleadings in the two actions have not been merged, and whether Arp demanded a jury in one action has no bearing on whether it may demand a jury in the other.

■ The assertion of Arp's counterclaims in the Marvel action is appropriate because they concern the very same contract that forms the basis for Marvel's complaint. The counterclaims raise some issues already present in the Marvel action, and because they state new claims and focus on some clauses of the contract not at issue in Marvel's complaint, they also introduce new issues—but whatever the claims, all derive from the contract between the parties. As regards issues already in the action that are raised again by the counterclaims, the jury demand in the

10. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937).

11. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933); *accord Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358 (2d Cir.1975); *Zdanok v. Glidden, Durkee Famous Foods Div.*, 327 F.2d 944, 950 n. 6 (2d Cir.), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir.1958).

amended answer merely replaces the timely demand filed in the original answer. As regards issues raised by the counterclaims for the first time in the Marvel action, the time for demanding a jury under Rule 38(a) begins anew, and the demand contained in the amended answer is thus timely.[12] Although a Court has discretion to permit the amendment of pleadings on the condition that new issues not be tried to a jury,[13] such a condition would make little sense where a jury is to decide all other issues in the case and there is no special justification for bifurcating the trial. In the Marvel action, Arp previously and properly demanded a jury in its original answer, and no reason has been given to present the counterclaims to a different factfinder. The order granting Arp leave to serve an amended answer will thus not be modified to eliminate the jury demand.

Marvel's motions are denied.

So Ordered.

---

12. *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir.1973); *Reefer Express Lines (Bermuda) Pty, Ltd. v. Arkwright-Boston Mfrs. Ins. Co.,* 87 F.R.D. 133, 136 (S.D.N.Y.1980).

13. *See, e.g., Chicago Pneumatic Tool Co. v. Hughes Tool Co.,* 192 F.2d 620, 631 (10th Cir. 1951); *Reefer Express Lines (Bermuda) Pty., Ltd. v. Arkwright-Boston Mfrs. Ins. Co.,* 87 F.R.D. 133, 134 (S.D.N.Y.1980); *Bercovici v. Chaplin,* 56 F.Supp. 417, 418 (S.D.N.Y.1944). In each of

these cases leave to amend a pleading was granted only on the condition that a jury trial not be had on the new claims; in none, however, did the pleading to be amended already contain a timely jury demand.