Louise **WYSOWSKI** and
George Wysowski

v.

**SITMAR CRUISES.**

Civ. No. N–87–541(JAC).

United States District Court,
D. Connecticut.

March 9, 1989.

Edward Domnarski, Marshall S. Feingold, Old Saybrook, Conn., for plaintiffs.

Robert K. Marzik, Stratford, Conn., for defendant.

## RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

This personal injury action, brought on a negligence theory, was commenced in the Superior Court for the State of Connecticut on November 6, 1987. Defendant removed the case to this court, on the basis of diversity of citizenship, on December 14, 1987, and filed an answer on January 28, 1988. The answer contained five "special defenses"; plaintiffs filed an "answer" to four of these and a motion to strike the fifth on September 29, 1988. Defendant did not file any opposition to the motion to strike, and on November 4, 1988, the court granted the motion absent objection, pursuant to Rule 9(a)(1) of the Local Rules of Civil Procedure (D.Conn.). Under the scheduling Order (filed Sept. 19, 1988), all discovery except for requests for admission was to be completed by November 18, 1988. None of the documents referred to in this paragraph mentioned any request for a trial by jury.

On December 8, 1988, plaintiffs filed a document styled "Claim for Jury Trial," which read in its entirety, "The Plaintiffs in the above case claim a Jury Trial." Defendant has moved to strike this jury demand, on the grounds that it is untimely and that plaintiffs have waived their right to a jury trial. Plaintiffs have objected to defendant's motion, and in the alternative have moved the court for a discretionary order of a trial by jury pursuant to Fed.R.Civ.P. 39(b).

I am required, for the reasons stated below, to grant defendant's motion and strike the jury demand. In my discretion, however, I will also grant plaintiffs' motion and allow a jury to try this case.

### I.

■ "The Federal Rules of Civil Procedure proceed on the basic premise that a jury trial is waived unless a timely demand is filed." *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir.1983). Fed.R.Civ.P. 38(b) requires that demand for a jury trial on an issue must be filed "not later than 10 days after the service of the last pleading directed to such issue." The last pleading in this case, a case without counterclaims or cross-claims or third-party claims, was the answer, filed January 28, 1988.[1] To be timely under Rule 38, therefore, plaintiffs' jury demand would have had to have been filed by approximately February 7, 1988. Since the jury demand was only filed some ten months later, it was clearly untimely under Rule 38.

In a case removed from state court, however, special provisions regarding jury demand requirements may apply pursuant to Fed.R.Civ.P. 81(c).[2] Three instances are specified in the rule. *See generally Cascone*, 702 F.2d at 391. The first two of these instances, where all necessary pleadings have been served before removal and where a party has before removal requested a jury, clearly do not apply to this case. The third situation, where state law does not require the parties to expressly claim trial by jury, is more difficult to assess. The parties have not presented, and the court has not found, any cases addressing

---

**1.** Contrary to plaintiffs' assertion, an "answer" to defendant's "special defenses" does not constitute a "pleading." *See* Fed.R.Civ.P. 7(a).

**2.** Fed.R.Civ.P. 81(c) provides in pertinent part, "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.... If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior

to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury."

the application of Connecticut law to the Rule 81(c) procedure for demanding a jury.

In *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir.1975), the Court of Appeals considered the effect of Rule 81(c) on a case removed from a New York state court. The Court of Appeals found that the law of New York does require a party seeking a jury trial to make a jury demand. It also found, however, that New York law did not place any time limitation on when the demand for jury trial could be made, and that therefore the New York practice was a "gray situation" not expressly considered by the framers of Rule 81(c). *Higgins*, 526 F.2d at 1007. *See also Cascone*, 702 F.2d at 391. Because New York law contained a provision permitting the trial court to "relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result," the Court of Appeals held that this discretionary right must be read into the language of Rule 81(c) and that the district court would have discretion under that rule to determine in the particular case whether a jury demand was required. *Higgins*, 526 F.2d at 1007.

The Connecticut statute governing claims to a jury trial, Conn.Gen.Stat. § 52–215,[3] differs in significant ways from the New York law at issue in *Higgins*. There is a fixed time limit in which a jury demand must be made, either "within thirty days after the return day" or "within ten days after [an] issue of fact is joined." *See Home Oil Co. v. Todd*, 195 Conn. 333, 487 A.2d 1095 (1985). There is also no provision for relieving a party of the effect of a failure to comply where there is no prejudice to the other party; rather, "all cases not entered in the docket as jury cases under the foregoing provisions ... *shall* be entered on the docket as court cases, and *shall* ... be disposed of as court cases" (emphasis added). In light of these differences, I cannot find the Connecticut practice to be either a "gray situation" overlooked by the framers of Rule 81(c) or a system that creates discretion that can be read into Rule 81(c). Connecticut law does indeed require the parties to expressly claim trial by jury. The third special situation of Rule 81(c) is therefore inapplicable to a case removed to this court from a Connecticut state court.

Because none of the special situations of Rule 81(c) are applicable, and because plaintiffs have not complied with the time limits of Rule 38, I am constrained to hold that plaintiffs have waived their right to demand a trial by jury. Defendant's motion to strike plaintiffs' jury demand must therefore be granted.

### II.

The holding that plaintiffs have waived their right to a jury trial is not, however, necessarily dispositive of whether plaintiffs may ultimately obtain a jury trial of their case. Plaintiffs have moved in the alternative for a discretionary order of a trial by jury pursuant to Fed.R.Civ.P. 39(b). Rule 39(b) provides, in pertinent part, that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." The basis for plaintiffs' motion is the contention that "the failure to make [a timely jury demand] was not due to careless negligence, but on the mistaken belief that the pleadings in the case had not been closed." Memorandum in Support of Plaintiffs' Mo-

---

3. Conn.Gen.Stat. § 52–215 provides in pertinent part, "[t]he following-named classes of cases shall be entered in the docket as jury cases upon the written request of either party made to the clerk within thirty days after the return day: Appeals from probate involving the validity of a will or paper purporting to be such, appeals from the actions of commissioners on insolvent estates, and, except as hereinafter provided, civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity.... When, in any of the above-named cases an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of court.... All cases not entered in the docket as jury cases under the foregoing provisions ... shall be entered on the docket as court cases, and shall ... be disposed of as court cases."

tion for a Jury Trial Pursuant to Rule 39(b) FRCP (filed Feb. 10, 1989) at 3.

Defendant opposes this motion, arguing that *Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir.1967), holds that mere inadvertence of counsel is not an adequate basis for granting the discretionary relief of Rule 39(b). Defendant's reliance on *Noonan* is misplaced. Unlike this case, *Noonan* was a case that began in federal court. "In that setting, it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there." *Cascone,* 702 F.2d at 392. In a case removed from state court, on the other hand, the Court of Appeals has said that there is "some 'play in the joints' for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him," and has endorsed an approach that decides a Rule 39(b) motion on the basis of the factual situation in the particular case. *See Cascone,* 702 F.2d at 392.

The present case is a personal injury case. Such cases are traditionally tried by a jury. *Unger v. Cunard Line, Inc.,* 100 F.R.D. 472, 474 (S.D.N.Y.1984). It has even been said that "no competent personal injury plaintiff's counsel would consciously ... waive a jury." *Landau v. National Railroad Passenger Corp.,* 97 F.R.D. 723, 725 (S.D.N.Y.1983).

On the other hand, not only was plaintiffs' jury demand untimely under federal practice, it also would have been untimely under Connecticut practice. As noted above, Conn.Gen.Stat. § 52–215 requires a jury demand to be made either within thirty days after the return day or within ten days after an issue of fact is joined. The jury demand in this case was made over a year after the case was filed, well beyond the thirty days after the return date. Moreover, no issue of fact was joined or could have been joined after September 29, 1988, the date of filing of "Plaintiffs' Answer to Defendant's Special Defenses," be-cause after that date the only arguable "issue of fact" not joined would be the special defense of lack of personal jurisdiction (ultimately stricken), and that special defense did not plead any "factual matter new to the action in this case." *See Home Oil Co.,* 195 Conn. at 342, 487 A.2d 1095.[4]

Defendant claims to have been operating under the assumption, through the close of discovery, that this case will be tried to the court and not to a jury, *see* Defendant's Objection to Plaintiffs' Motion for Trial by Jury Rule 39(b) FRCP (filed Feb. 27, 1989). *Cf. Cascone,* 702 F.2d at 392–93; *Higgins,* 526 F.2d at 1007. While it is, of course, true that "a party may [prepare a] case so differently anticipating a bench trial that it would be unduly prejudiced by the prospect of a trial by jury," *Unger,* 100 F.R.D. at 473, defendant has not stated precisely in what manner it would be prejudiced by jury trial.

In the circumstances of this case, I believe it is appropriate for the court to exercise its discretion in favor of the plaintiffs and allow a jury trial. "[B]ehind all of the procedural rules and regulations lurks a hapless client who bears no personal responsibility for this dilemma." *Landau,* 97 F.R.D. at 725. Any arguable prejudice to defendant from granting plaintiffs a trial by jury can be mitigated by allowing defendant to conduct whatever additional discovery it thinks appropriate. In any event, defendant's mere assertion of prejudice, "without any substantiation of how it has done anything differently or how it will be prejudiced does not move this Court to exercise its discretion in defendant's favor." *Unger,* 100 F.R.D. at 473–74. I recognize that plaintiff's counsel has acted with what probably would best be characterized as sloppiness. But I agree with Judge Leonard Sand that "to relegate the plaintiffs to the uncertain remedy of a malpractice claim against their counsel would seem unjust." *Landau,* 97 F.R.D. at 725.

---

4. In any event, even if an "answer" to the "special defense" of lack of personal jurisdiction could constitute the joining of an issue of fact, since that defense was stricken no such "answer" could have been filed. Therefore, no issue of fact could have been joined after September 29, 1988, the date of filing of "answers" to the other "special defenses."

**450**

## CONCLUSION

For the reasons stated above, Defendant's Rule 12(f) FRCP Motion to Strike Plaintiffs' Jury Demand (filed Jan. 30, 1989) must be GRANTED, and the Objection to Defendant's Rule 12(f) FRCP Motion to Strike Plaintiffs' Jury Demand (filed Feb. 10, 1989) must be OVERRULED. Nonetheless, Plaintiffs' Motion for Trial by Jury Made Pursuant to Rule 39(b) FRCP (filed Feb. 10, 1989) is GRANTED and Defendant's Objection to Plaintiffs' Motion for Trial by Jury Rule 39(b) FRCP (filed Feb. 27, 1989) is OVERRULED. Pursuant to Rule 39(b), there shall be a trial by a jury of all issues in this action.

Although the deadline for the completion of discovery has passed, defendant will be allowed an opportunity to undertake whatever additional discovery it feels appropriate in light of this order allowing a trial by jury. Defendant shall have until March 31, 1989, to file a motion for permission to conduct additional discovery. Any such motion shall specify precisely what additional discovery is contemplated and shall propose a schedule for completing that discovery and submitting a proposed Trial Memorandum Order. If no such motion is filed by March 31, 1989, a proposed Trial Memorandum Order shall be submitted jointly by counsel by no later than April 14, 1989.

It is so ordered.