**SAIT ELECTRONICS, S.A., Plaintiff,**

v.

**Matt SCHIEBEL, Defendant.**

**No. 93 Civ. 4906 (WCC).**

United States District Court,
S.D. New York.

Feb. 28, 1994.

Bigham Englar Jones & Houston, New York City, for plaintiff; Michael K. Rappaport, of counsel.

Hill Rivkins Loesberg O'Brien Mulroy & Hayden, New York City, for defendant; Maria Cholakis, of counsel.

### *OPINION AND ORDER*

WILLIAM C. CONNER, District Judge:

Plaintiff Sait Electronics, S.A. ("Sait") brings this action against defendant Matt Schiebel ("Schiebel") seeking $75,000 in damages for breach of a contract of guarantee. The instant complaint was filed on July 19, 1993, and plaintiff elected not to demand a jury trial. Schiebel filed an answer on August 31, 1993, which asserted various affirmative defenses. Schiebel did not demand a jury trial in his answer. During a pre-trial conference held on January 26, 1994, defense counsel—for the first time—requested a jury trial and now moves this Court to grant its

request. This request is untimely and defendant's motion is denied.

Schiebel's motion is governed by Rule 38 of the Federal Rules of Civil Procedure. Rule 38 dictates that demand for a jury trial must be made "not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b). Failure to make such timely demand "constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d). In the instant case Schiebel did not request a jury trial until months after his answer and hence waived his right to a jury trial.

■ Schiebel points to Rule 39(b), which provides that notwithstanding the untimeliness of a demand for jury trial, "the court in its discretion upon motion may order a trial with a jury of any or all issues." Defense counsel urges this Court to exercise such discretion because its failure to make a timely demand was due to "mistake and inadvertence." Defendant states that although his own answer created questions of fact such that he could have demanded a jury at that time, counsel "initially assumed that since the Complaint was based upon a contract of guarantee, that contract would soley [sic] involve questions of law so a jury trial could not have been demanded." After further consideration, Schiebel now wants a jury and argues that the granting of such motion will not prejudice plaintiff.

Defendant ignores the strict interpretation of Rule 39(b) by the Second Circuit in *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967): *Noonan* held that the mere inadvertent failure to make a timely jury demand is an insufficient basis for the trial court to exercise its discretion under Rule 39(b). 375 F.2d at 70. Rather, the moving party must make a "showing *beyond* mere inadvertence." *Id.* Otherwise, the rule governing waiver is meaningless. Since *Noonan*, district courts have consistently denied untimely demands due to mere inadvertence. *E.g., Anaconda–Ericsson, Inc. v. American District Telegraph Company*, 101 F.R.D. 13, 16 (E.D.N.Y.1984); *Alvarado v. Santana–Lopez*, 101 F.R.D. 367, 368 (S.D.N.Y.1984) ("[T]he rigid rule discussed in *Noonan* remains the rule in this circuit for non-removed

cases . . . ."). In the instant case Schiebel has failed to make a showing beyond inadvertence.

Defendant's reliance on *Landau v. National Railroad Passenger Corp.*, 97 F.R.D. 723 (S.D.N.Y.1983) is misplaced. In *Landau*, the district court granted plaintiff's untimely request for a jury trial because, among other factors, plaintiff had originally filed suit in New York state court where demand for jury can be made at any time. 97 F.R.D. at 724. The case was then removed by defendants to federal court. Hence the plaintiff's failure to follow Rule 38 of the Federal Rules of Civil Procedure in state court was not mere "inadvertence." *Id.* (citing *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir. 1983)). Moreover, the nature of the action was such that it was "classically tried by a jury." 97 F.R.D. at 725. Plaintiff alleged that he was wrongfully detained and beaten by defendant's police officers, and sought compensatory and punitive damages for several millions of dollars. The *Landau* court concluded that "[i]t would be an understatement to say that a case of this sort is usually or classically tried by a jury," and that "no competent personal injury lawyer would consciously frame such a complaint and waive a jury." *Id.*

In contrast, not only did the instant case commence in federal court, but it is based on a contract of guarantee, which is typically decided by the court—not by a jury. And while it may be true that plaintiff would not be prejudiced by granting a jury trial, defendant has simply failed to make a showing "beyond mere inadvertence." Indeed, from defendant's motion papers it appears that defendant's failure to make a timely demand was not due to inadvertence at all, but to a deliberate decision followed by either a change of mind or the discovery that a jury trial was not inappropriate for the issues involved. Defendant's motion is denied.

**SO ORDERED.**