**Lisette CASCONE, Appellee,**

v.

**ORTHO PHARMACEUTICAL CORPORATION, Appellant.**

**No. 825, Docket 82–7694.**

United States Court of Appeals, Second Circuit.

Argued Jan. 26, 1983.

Decided March 10, 1983.

Karl E. Seib, Jr., James V. O'Gara, Patterson, Belknap, Webb & Tyler, New York City, John N. Beidler, Johnson & Johnson, New Brunswick, N.J., for appellant.

Lawrence Bernstein, Stier & Bernstein, New York City, for appellee.

Before OAKES, PRATT, Circuit Judges, and WEIS, Circuit Judge.*

WEIS, Circuit Judge:

In this removed diversity case, plaintiff did not file a demand for a jury trial within the time designated in the Federal Rules of Civil Procedure. The district judge, describing the circumstances as a "trap for the unwary," found the "mere inadvertence stricture" inapplicable and granted the plaintiff's untimely request. We affirm. 94 F.R.D. 333 (D.C.).

Plaintiff filed this personal injury suit in the New York Supreme Court. On December 9, 1980, defendant removed the case to the United States District Court for the Southern District of New York. In conformance with the stipulation of the parties, the defendant's answer was filed on January 12, 1981. An amended answer followed on March 13, 1981.

No demand for a jury trial was filed by either party prior to a pretrial conference on April 12, 1982. Seemingly unaware that the federal rules require a written request within a specified time, plaintiff's counsel was surprised when he learned from the magistrate conducting the conference that this case was to be a bench trial. On the following day, plaintiff presented a petition for leave to file a jury demand out of time. The district court granted the petition.

The district court noted that plaintiff's counsel had "inadvertently" failed to file a jury trial notice because he was under the impression that he could do so at any stage of the proceeding, as is the practice in the New York state courts. The district judge recognized that in *Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir.1967), this court held mere inadvertence of counsel was not an adequate basis for allowing an untimely filing of a jury trial notice. However, he also observed that in *Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975), discretionary relief had been permitted in circumstances similar to those in the case at bar. Believing that *Noonan* had been substantially weakened by *Higgins* as well as by the passage of time, and finding no prejudice to defendant, the judge permitted plaintiff to "file an untimely jury demand."

The court then granted permission to appeal pursuant to 28 U.S.C. § 1292(b), certifying the following three questions:

"1. Did the District Court have power to issue the Order of June 17, 1982?

2. Did the District Court abuse its discretion in issuing the Order of June 17, 1982?

3. Where a civil action was removed by defendant from state to federal court because of diversity, prior to service of an answer to the complaint, and plaintiff thereafter twice failed (after the first, and then after amended, answer) to file a timely jury demand pursuant to Fed.R. Civ.P. 38(b) solely because of her attorney's 'inadvertence' and 'mistaken impression that a jury demand

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

could be filed at any stage of the proceeding,' did the District Court err in permitting plaintiff, pursuant to Fed.R.Civ.P. 39(b) or Rule 81(c), to file a jury demand 15 months after the date it was due, at a time when the case was ready for trial?"

Defendant appeals, contending that *Noonan* set out the limited area of discretion available to the district judge and therefore the cause should proceed nonjury. Plaintiff relies on *Higgins* to support an enlarged scope of discretion when the case is one removed to federal court.

The Federal Rules of Civil Procedure proceed on the basic premise that a jury trial is waived unless a timely demand is filed. Rule 38, applicable generally to cases in the federal courts, requires the written demand to be served upon the adverse party no later than ten days after service of the last pleading directed to the issue. Rule 39(b) permits a district judge to exercise his discretion and grant a jury trial despite the failure of a party to comply with the time provision.

Special provisions applicable to removed cases are in Rule 81(c)[1]. Three instances are specified in the rule. The first is where all necessary pleadings have been served before removal. In that situation, the demand must be served by the removal petitioner within ten days after the petition is filed. If some other party desires a jury trial, he must ask for it within ten days after service of the notice of filing the removal petition.

The second instance is where a party has, before removal, requested a jury in accordance with state law. When that has been done, no further affirmative step is required in federal court.

The third situation addressed by Rule 81(c) is that in which state law does not require the parties to expressly claim trial by jury. In effect, the state from which the case is removed acts on the presumption that the parties desire a jury unless they affirmatively indicate otherwise. When a case is removed from a jurisdiction having such a practice, no additional steps need be taken in the federal court unless the district court directs that a specific demand be made.

None of the three situations cited in Rule 81(c) are directly applicable to the case at hand. Here the answer and its amendment were not filed until after the case had been removed to the federal court. No demand had been made in the state court and New York does not automatically grant jury trials. As pointed out in *Higgins v. Boeing Co.*, 526 F.2d at 1007, the practice in New York falls within a gray area not covered by Rule 81(c).

The New York statute requires that the request for a jury in the state courts be made by filing it with a "note of issue." No time for the notice is specified. *See* N.Y.C.P.L.R. § 4102(a) (McKinney's 1981 & Supp.1982). As the district court observed, "In essence, the decision as to whether or not a case should be tried by a jury need not be made in New York state courts until a case is actually ready for trial. . . ." The state courts may grant a late request unless "undue prejudice" to other parties would result, *id.* § 4102(e)—certainly a broad grant of discretionary power.

---

1. Fed.R.Civ.P. 81(c) provides in pertinent part:

"*Removed Actions.* These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. * * * If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury."

The action of the plaintiff's lawyer here in delaying his request for a jury until the pretrial conference is not unusual in New York practice. Had the case remained in the state court, his petition to permit late filing would have been granted. The district court and the plaintiff, however, do not deny that the request made in this case was untimely under the federal rules.

The issue before us is limited to whether the court had discretion to grant the request, albeit untimely. Our review of the designated times set out in the federal rules and the New York practice is intended to serve as background against which we evaluate the limits of discretion entrusted to the district judge.

Although Fed.R.Civ.P. 39 does not articulate any restriction on the district court's discretion and commentators have argued for liberality, see 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE, § 2334 at 115–16 (1971), decisional law has imposed limitations. Notwithstanding appellate reluctance to interfere with trial judge discretion, this court in *Noonan* noted a trend of district court decisions that had shrunk the question "to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." 375 F.2d at 70 (emphasis in original). Indeed, granting a motion based only on inadvertence was said to be reversible error, because "the settled course of decision had placed a gloss upon the Rule" which a district court could not disregard. *Id.*

Although not mentioned as a basis of the decision, the plaintiff who neglected to ask for a jury trial in *Noonan* had chosen to file the suit in federal court. In that setting, it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there.

In *Higgins,* by contrast, the plaintiff originally filed in a state tribunal but was taken to a different jurisdiction, perhaps against his will, but, in any event, to a forum not of his choosing. Although we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some "play in the joints" for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him. In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong.

In the removed case, the interpretation of Rule 39(b) espoused by Professors Wright and Miller has substantial appeal. "The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE, § 2334 at 116 (1971); *see also Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138, 144 (5th Cir.1979) (court should grant jury trial in absence of strong and compelling reasons to the contrary); Case Comment, 47 IOWA L.REV. 759, 765 (1962).

In *Higgins* this court weighed a number of factors. We noted the customary New York practice, including the discretion granted by the state statute which comported with Rule 39(b). Moreover, the case, one for personal injuries, was traditionally tried by a jury, and the parties had proceeded for some time on the assumption that the matter would not be a bench trial. Finally, the defendant had acquiesced in the jury request and would not be prejudiced by that court's action in granting the plaintiff's untimely demand.[2] In view of these circumstances, we held that an exercise of discretion under Rule 39(b) should not be foreclosed.

---

2. *Galella v. Onassis,* 487 F.2d 986 (2d Cir.1973), was a removed case in which the district court refused to honor an untimely request for a jury trial. We affirmed that exercise of discretion summarily, and cited *Noonan.* The opinion, however, did not discuss all the elements later reviewed in *Higgins.* When those factors are present, the *Higgins* analysis, rather than *Galella*'s, is appropriate.

We apply the same rationale here. The district judge found that all the *Higgins* factors were present.[3] In addition, he found that plaintiff's counsel is essentially a state court practitioner having greater familiarity with New York practice and was admitted to practice in the federal courts only a year before this suit was filed. It may fairly be said, therefore, that there was more than mere inadvertence here, and the district court did not abuse its discretion in permitting the untimely filing of the jury demand.[4]

We do not consign *Noonan* to overruled status. Its holding shall continue to govern cases where it is applicable. We hold only that the matter at hand falls within *Higgins*'s ambit rather than *Noonan*'s, and the exercise of discretion was proper.

The order of the district court will be affirmed.

**3.** Although the defendant did not take any positive steps indicating that it expected the case to be a jury trial, neither did it take a position to the contrary. It seems fair to characterize the defendant's position as being noncommittal prior to the pretrial conference.

**4.** We do not share the able district judge's view that the conduct of jury trials has markedly improved since 1967 when *Noonan* was decided. Although that premise would have no relevance to *Noonan*'s application, our experience is that the level of competence in the trial field has remained fairly constant.