Russell T. LUND, Jr., Lund's Inc., and Wardwell M. Montgomery, Plaintiffs,

v.

CHEMICAL BANK, Defendant.

CHEMICAL BANK, Defendant and Third–Party Plaintiff,

v.

LAIDLAW ADAMS & PECK, INC., Third–Party Defendant.

No. 84 Civ. 1621 (RWS).

United States District Court, S.D. New York.

June 29, 1989.

Fredrikson & Byron, Minneapolis, Minn. (Jerome B. Pederson, Ted S. Meikle, of counsel), Dorsey & Whitney, New York City (Richard L. Bond, James R. Kahn, of counsel), for plaintiff.

Barbara E. Daniele, Vice President and Asst. Gen. Counsel, New York City (Eileen J. Berkman, of counsel), for defendant Chemical Bank.

## OPINION

SWEET, District Judge.

Plaintiffs Russell T. Lund, Jr. and Lund's Inc. (collectively, "Lund") have moved pursuant to Fed.R.Civ.P. 39(b) to have this action tried by a jury. For the reasons set forth below, the motion is denied.

### Prior Proceedings and Facts

The prior proceedings and facts of this case are set forth in this court's opinion dated June 15, 1987, *Lund v. Chemical Bank*, 665 F.Supp. 218 (S.D.N.Y.1987), and the decision of the Court of Appeals for the Second Circuit, *Lund's Inc. v. Chemical Bank*, 870 F.2d 840 (2d Cir.1989), familiarity with which is assumed. This action arises out of the collapse of Flight Transportation Corporation following the commencement of an action by the SEC on June 18, 1982, which triggered numerous lawsuits. More than twenty separate actions were consolidated in the District Court for the District of Minnesota. Lund's claims against defendant Chemical Bank were dismissed for failure of jurisdiction. As a result, this action was commenced against Chemical Bank in the Southern District of New York in March of 1984.

In his affidavit, Jerome B. Pederson ("Pederson") of the law firm of Fredrikson & Byron, P.A. explains that on behalf of his clients Lund and Wardwell M. Montgomery, he contacted the New York law firm of Parker, Chapin, Flattau & Klimpl ("Parker Chapin") in February of 1984 for the purpose of having them commence this action against Chemical Bank. According to Pederson, he gave Parker Chapin a copy of the complaint filed in Minnesota "[a]s a guideline for preparing the complaint" which would be filed in this district. The Minnesota complaint demanded a jury trial. The complaint in this action, however, did not, nor was any separate demand for jury trial made.

In June of 1987, the New York office of Dorsey & Whitney was substituted in as local counsel for Lund following the termination of Parker Chapin.

Pederson states that he was under the assumption that a right to a jury trial in this action had been demanded, and says he was "completely surprised" when it was reported to him that at an April 17, 1989 meeting with this court, the court recalled that the record contained no Rule 38 demand for a jury trial. He admits in his affidavit that "when the Complaint was finalized, the demand for a jury trial was not included through oversight," and contends that failure to request a jury trial was not a "conscious decision." Moreover, Pederson states that Minnesota counsel was "preoccupied" with "a massive litigation" at the time of the filing of the complaint and that, in all likelihood, the complaint was filed by his secretary without his review.

### Demand for a Jury Trial

According to Fed.R.Civ.P. 38(b), a jury demand must be served in writing "not later than 10 days after the service of the last pleading" directed to an issue. Failure to adhere to this schedule results in a waiver of the party's right to a jury trial. Fed. R.Civ.P. 38(d).

Rule 39(b) of the Federal Rules of Civil Procedure provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Under Second Circuit law, in ruling on a motion under Rule 39, a judge's discretion is limited "to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief...." *Noonan v. Cunard Steamship Co., Ltd.*, 375 F.2d 69, 70 (2d Cir.1967).[1] Subsequent to *Noonan*, the Circuit relaxed the stan-

---

1. Unlike the Second Circuit, some circuits have held that a district judge should grant a jury trial in the absence of strong and compelling reasons to the contrary. *See, e.g., Rowlett v. Anheuser–Busch, Inc.*, 832 F.2d 194 (1st Cir. 1987) ("We are of the view that the discretion under Rule 39(b) is very broad and that case would be rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion"); *Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965).

dards surrounding exercise of 39(b) jurisdiction somewhat. In *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir.1975), the Court established an exception to the *Noonan* rule for cases that have been removed from state court where the state rule did not require that a jury demand be made within a specified time period. *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir.1983), confirmed that in a removed case where state rules regarding jury demands differ from the federal rules, the case for applying *Noonan* is "not as strong." 702 F.2d at 392. Nonetheless, the *Cascone* court stated that "[w]e do not consign *Noonan* to overruled status. Its holding shall continue to govern cases where it is applicable." *Id.* at 393.[2]

Moreover, apart from inadvertence and oversight, Lund has given no excuse for the failure to demand a jury trial in an action filed more than five years ago. Contrary to Lund's contention, the ruling by the Court of Appeals for the Second Circuit did not add the issue of negligence to this action, for Chemical Bank raised the defense of negligence in its March 1984 answer.

Finally, there is "not the slightest reason to doubt that a judge is quite as able as a jury to make a fair determination" of the issues in this case. *Noonan*, 375 F.2d at 72.

*Conclusion*

For the reasons set forth above, Lund's motion to have this action tried by a jury is denied.

It is so ordered.

---

**2.** Even in *pro se* cases, the Court of Appeals for the Second Circuit applies the ten-day requirement of Rule 38, even if the *pro se* litigant had not been given actual notice of Rule 38's requirement. *Washington v. New York City Board of Estimate*, 709 F.2d 792 (2d Cir.1983), *cert. denied*, 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983).