Samir ELGARHI and Fawzia
Elgarhi, Plaintiffs,

v.

DREIS & KRUMP MFG. CO., and
Federal Machinery Corporation,
Defendants.

DREIS & KRUMP MANUFACTURING
CO., Third Party Plaintiff,

v.

PARKLINE ELEVATOR CO., Third
Party Defendant.

No. 87 Civ. 6185 (RPP).

United States District Court,
S.D. New York.

July 11, 1990.

Robert A. Kappel, Schneider, Kleinick & Weitz, P.C., New York City, for plaintiffs.

Steven Getzoff, Nelson Timken, Lester, Schwab, Katz & Dwyer, New York City for defendant Fed. Machinery Corp.

Lawrence R. Mulligan, Woodbury, Conn., for defendant Dreis & Krump Mfg.

William M. Kimball, New York City, for third-party defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiffs move pursuant to Federal Rules of Civil Procedure 39(b) and 81(c) for leave to demand a trial by jury.

## BACKGROUND

This product liability action was filed in New York State Supreme Court on July 28, 1987. On August 25, 1987, defendant Dreis & Krump Manufacturing Co. ("Dreis") removed the action, pursuant to this Court's diversity jurisdiction, and simultaneously filed an answer. On November 19, 1987, defendant Federal Machinery Corporation ("Federal") served an answer. Dreis served an amended answer in March 1988. The final discovery deadline was set by the Court for March 1, 1990.[1] The joint pre-trial order was due on

---

1. Plaintiffs point out that there was a deposition conducted on March 13, 1990 and that the par-

March 15, 1990 and a pre-trial conference was held on March 22, 1990. On April 6, 1990, plaintiffs filed this motion.

## DISCUSSION

Plaintiffs do not dispute that a demand for a jury trial made approximately two and one half years after removal and the service of answers is untimely under federal rules. Plaintiffs contend on this motion that they are entitled to leave to file a jury demand at this juncture because their counsel practices primarily in New York State courts where delaying a jury demand until the eve of trial is common; that the counsel's neglect was inadvertent and unintentional; that personal injury cases are traditionally tried before a jury; and that granting leave will not prejudice defendants.

■ Federal Rule of Civil Procedure 81(c) governs the filing of a jury demand after removal; however, as the Second Circuit has noted, Rule 81(c) does not set forth a standard to apply when the following conditions are all present, as they are here: (a) the answers and their amendments were not filed until after the case was removed, (b) no demand had been made in the state court and (c) the law of the state court does not provide for an automatic grant of a jury trial. *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 390 (2d Cir.1983); *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir.1975); *Mosley v. Biro Manufacturing Co. Inc.*, No. 87 Civ. 8316, 1990 WL 3191 (S.D.N.Y. Jan. 11, 1990). In the "grey area not covered by Rule 81(c)," Federal Rule of Civil Procedure 39(b) and corresponding New York law govern. *Cascone*, 702 F.2d at 391–92. The rule which the Second Circuit has settled upon is that:

> the district court's discretion [to grant this motion] is exercisable only where there are special circumstances excusing the untimely demand. This is as opposed to the broader view held by some other courts that the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.

ties still have to exchange several proposed trial exhibits. In addition, there is a pending request by plaintiff for an expert report and the sub-

*Washington v. New York City Board of Estimate*, 709 F.2d 792, 799 (2d Cir.) (Oakes, C.J., dissenting), cert. denied, 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983); *Id.* at 798; *Cascone*, 702 F.2d at 392–93.

■ "[M]ore than mere inadvertence" is necessary to support plaintiffs' motion. *Cascone*, 702 F.2d at 393; *see also Washington*, 709 F.2d at 798; *Miller v. SwissRe Holding Inc.*, 731 F.Supp. 129, 133 (S.D.N.Y.1990). If all else was neutral, then plaintiffs' counsel's reliance on state court practices and the assumption that a personal injury action is a jury case may have constituted sufficient grounds for granting this motion. However, defendants have submitted affidavits outlining how they have proceeded for over two years as if this were a nonjury case and how they would be substantially prejudiced by a sudden shift on the eve of trial in the nature of the case.

Defendants' affidavits go beyond mere conclusory affirmations of prejudice which have been held inadequate on Rule 39(b) motions in other contexts. *See Wysowski v. Sitmar Cruises*, 127 F.R.D. 446, 449 (D.Conn.1989); *Unger v. Cunard Line, Inc.*, 100 F.R.D. 472, 473 (S.D.N.Y.1984). Counsel for defendant Federal states that his reliance on indications that there would be a bench trial resulted in an abbreviated deposition of plaintiff Fawzia Elgarhi. Federal also claims the nonjury status of the case affected the extensiveness of the video it prepared to describe the operation of the machinery at issue here. Counsel for defendant Dreis affirms that he refrained from deposing several of plaintiff's experts, employees of Parkline, and certain non-party witnesses. Counsel for third party defendant Parkline Elevator Co. ("Parkline") states that due to his belief that this was a nonjury case he

> intentionally did not attend the depositions of plaintiff Fawzia Elgarhi and defendant and third-party plaintiff by Emmett W. McCarthy, its Vice President

stance of the testimony of various non-expert witnesses.

Product Liability; intentionally elicited only 4½ pages of testimony in the 125 page transcript of plaintiff Samir Elgarhi's deposition; and intentionally did not consult or retain any outside machine or other expert on third-party defendant's behalf, or attend the deposition of other parties' experts if such were taken, as I was notified were being arranged.

Kimball Aff. at 3–4, ¶ 12. Furthermore, counsel for defendants assert that their clients have made delicate decisions on expenditures with a bench trial in mind.

Plaintiffs' response to these affidavits is inadequate. Restriction of a counsel to reliance on reports of expert witnesses and reports of the substance of other witnesses' testimony can be sufficient for preparing for a trial, but can be considered by some trial counsel as less than adequate preparation for a presentation before a jury. As counsel for Dreis states, "The reason for the consideration of the depositions of expert witnesses relates to the difference in the duration, content and style of direct and cross-examination at [a jury] trial." Mulligan at 8, ¶ 24.

In addition, the Court notes that the third party action is a nonjury action. Interests of efficiency and justice dictate against having issues of liability resolved by two separate fact finders.

### CONCLUSION

This case has been prepared at great expense for over two years by defendants with the justifiable expectation that it would result in a bench trial. Defendants have indicated that they may be prejudiced by the granting of plaintiffs' motion. Accordingly, the special circumstances necessary for granting plaintiffs' motion are not present.

The motion is denied in its entirety.

IT IS SO ORDERED.