Zanaida ESPINOSA and Alfredo Espinosa, Plaintiffs,

v.

VAN DORN PLASTIC MACHINERY COMPANY, DIVISION OF VAN DORN COMPANY, Defendants.

VAN DORN COMPANY, Third Party Plaintiff,

v.

ALBEST METAL STAMPING COMPANY, Third Party Defendant.

No. 91 Civ. 3416 (LAP).

United States District Court, S.D. New York.

Feb. 17, 1993.

William P. Ford, Ford Marrin Esposito Witmeyer & Gleser, New York City, for Van Dorn.

William M. Kimball, New York City, for Albest Metal Stamping Co.

PRESKA, District Judge.

Defendant/Third Party Plaintiff, Van Dorn Company ("Van Dorn") has moved, by letter brief, to have the third party action tried by a jury on the basis that the jury demand in the main action controls trial by jury on the third party complaint.

### Facts

Plaintiffs, Zanaida and Alfredo Espinosa commenced a products liability action against Van Dorn in New York State Court. Pursuant to 28 U.S.C. § 1332, Van Dorn removed this case to federal court. Following removal, plaintiff filed a jury demand. Van Dorn then answered the complaint and subsequently filed a third-party action against Albest Metal Stamping Company ("Albest") for indemnification and contribution. Van Dorn failed to file a jury demand with the third-party complaint.

The Federal Rules of Civil Procedure "proceed on the basis that a jury trial is waived unless a timely demand is filed." *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir.1983). Rule 38 requires that a written demand be served on an adverse party no later then ten days after service of the last pleading directed to the issue. Fed.R.Civ.P. 38(b). A district judge is permitted to exercise his or her discretion and grant a jury trial despite the failure of a party to comply with Rule 38. Fed.R.Civ.P. 39(b).

It is Van Dorn's contention that the jury demand made by Espinosa encompasses Van Dorn's third-party complaint against Albest.

> Once a proper jury demand is made, all other parties to the action affected by the demand may rely on it with respect to the issues that it embraces. But, "reliance is limited to all other parties in the action who are affected by the demand and the demand itself is effective only as to all the issues that concern the demanding party."

*Davidson Pipe Company, Inc. v. Laventhol & Horwath*, 125 F.R.D. 363 (S.D.N.Y. 1989), *quoting, Rosen v. Dick*, 639 F.2d 82, 91 (2d Cir.1980). Whether reliance on another party's jury demand is effective depends on whether the third-party complaint raises additional issues. *See id.* at 367. When making such a determination the Second Circuit has relied upon an illustration provided by Professor Moore:

> [I]f the demand does not pertain to certain issues then one of the parties concerned with those issues should make a demand therefor. Thus assume that A sues X; X answers and also files a third-party complaint against Y. If A makes a timely general demand the demand embraces all the issues between A and X, and X may rely thereon and need not make a demand for those issues. It is rather strained, however, to say that A's general demand embraces the third-party issues between X and Y, with which A is not concerned. And it would seem that either X or Y should make a timely demand as to the third-party issues if a jury trial is desired as to those issues.

*Rosen v. Dick*, 639 F.2d at 92, *quoting,* 5 *Moore's Federal Practice* ¶ 38.45. A jury demand by plaintiff, in an underlying action, may encompass issues of tort liability of co-defendants without embracing the issues of contribution between joint tortfeasors. *In re N–500L Cases*, 691 F.2d 15, 21 (1st Cir.1982). Indeed, it has been held in this district that:

> The fact that the issues share some factual components is not sufficient for them to be deemed the 'same issue' for purposes of a jury demand. A single set of facts often gives rise to related claims of liability and contribution, yet these claims encompass different constellations of issues.

*Davidson Pipe Company, Inc. v. Laventhol & Horwath*, 125 F.R.D. at 367.

Van Dorn's reliance on Espinosa's jury demand was misplaced. Espinosa's jury demand covers all issues relating to Van Dorn's potential liability for the manufacture and sale of the allegedly defective machine. Any issues of indemnification and contribution that exist between Van Dorn and Albest are outside the scope of such a demand.

The Court does, however, have the power under Rule 39(b), in its discretion, to order that the third-party action be tried before a jury. In this Circuit, the party seeking the jury trial under Rule 39(b) must show that its failure to comply with Rule 38 resulted from "more than mere inadvertence." *See Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 393 (2d Cir.1983); *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir.1967). Van Dorn fails to provide the Court with any explanation for its failure to demand a jury other then mere inadvertence.

Rule 81(c) sets forth special provisions applicable jury demands in removed cases.[1] Rule 81(c) specifically addresses three scenarios: (1) where all necessary pleadings have been served before removal; (2) where a party, before removal, requested a jury trial; and (3) where state law does not require the parties to expressly claim trial by jury. *See Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d at 391. As in *Cascone*, none of the three scenarios addressed in Rule 81(c) apply to in the present case; the answer and third-party complaint were filed after the case was removed, no party made a jury demand prior to removal, and New York law does not automatically grant jury trials. *Id.* The practice in New York falls into a gray area. *Id.*, citing, *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir.1975).[2] Therefore, the issue before the Court is whether to exercise its discretion under Rule 39(b) and grant defendant a jury trial on its third-party complaint. *See Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d at 392.

The Court must weigh three factors in making this determination: (1) whether the action was a type traditionally triable by a jury; (2) whether the parties had proceeded on the assumption that it was a jury trial; and (3) whether the party opposing the jury trial would be prejudiced. *See Higgins v. Boeing Co.*, 526 F.2d 1004; *Davidson Pipe Company, Inc. v. Laventhol & Horwath*, 125 F.R.D. at 369.

Issues of contribution and indemnification are traditionally issues decided by a jury. *Davidson Pipe Company, Inc. v. Laventhol & Horwath*, 125 F.R.D. at 371. However, according to Albest's counsel's letter, he has developed his case on the assumption that the third-party action would be tried as a bench trial and specifically did not hire a machinery expert based on the fact that the third-party action was to be tried to a judge. To grant a jury trial at this late date would prejudice the third-party defendant. Therefore, the Court declines to exercise its discretion under Rule 39(b) and the Court finds that Van Dorn is not entitled to relief under Fed.R.Civ.P. 39(b). In the interests of judicial economy, however, the jury will serve in an advisory capacity with respect to the third-party complaint. Fed.R.Civ.P. 39(c). There is no danger of inconsistent verdicts due to this Court's obligation to conform its findings to the jury's verdict. *Caputo v. U.S. Lines*, 311 F.2d 413, 416 (2d Cir.), *cert. denied*, 374 U.S. 833, 83 S.Ct. 1871, 10 L.Ed.2d 1055 (1963).

The parties are directed to appear on February 17, 1993 at 3:00 for a pre-trial conference.

SO ORDERED.

---

1. Rule 81(c) provides in pertinent part:

   [A] party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do within a specified time if they desire to claim trial by jury.
   Fed.R.Civ.Pro. 81(c).

2. Under New York law, a request for a trial by jury must be filed with a note of issue or by filing a jury demand within fifteen days of service of the note of issue. CPLR § 4102(a). There is no time limit by which a notice of issue must be filed.