Frank J. ALIGHERI, Plaintiff,

v.

**LONG ISLAND RAILROAD**, Metropolitan Transportation Authority, Allied Maintenance Corp., Penn Central Transportation Company, Robert W. Blanchette, Richard C. Bond, Amtrak and Pennsylvania Tunnel and Terminal Company, Defendants.

**ALLIED MAINTENANCE CORPORATION**, Third–Party Plaintiff,

v.

**NATIONAL RAILROAD PASSENGER CORP.**, A/K/A Amtrak, Third–Party Defendant.

No. 92 Civ. 2938 (SWK).

United States District Court, S.D. New York.

June 29, 1994.

**56**

Joseph J. Filardi, P.C. by Anthony W. Amato, Jr., Manhasset, NY, for plaintiff.

Thomas M. Taranto, by William J. Blumenschein, Jamaica, NY, for defendants Long Island R.R. and Metropolitan Transit Authority.

Morris, Duffy, Alonso & Marulli by Salvatore A. Moscatt, Virginia B. Curry, New York City, for defendant/third-party plaintiff Allied Maintenance Corp.

Siff, Rosen, P.C. by Cathleen Giannetta, New York City, for third-party defendant Amtrak.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

In this personal injury case, plaintiff Frank J. Aligheri ("Aligheri") moves for a trial by jury, pursuant to Rule 39(b) of the Federal Rules of Civil Procedure,[1] and defendant/third-party plaintiff Allied Maintenance Corp. ("Allied") moves for summary judgment, pursuant to Rule 56(c), dismissing the complaint against it. For the reasons set forth below, Aligheri's motion for a trial by jury is granted, and Allied's motion for summary judgment is denied.

### BACKGROUND[2]

On August 28, 1984, Aligheri commenced this negligence action in New York State Supreme Court, New York County (the "State Court"), alleging that he was injured when, in the course of his duties as a Long Island Railroad Police Officer, he slipped and fell on a wet stairway at Pennsylvania Station in New York City. According to Aligheri, on April 7, 1984, at approximately 6:15 a.m., he was walking on Platform 10, located near tracks 18 and 19, when he saw what he perceived to be a gun on the railroad tracks. After proceeding to the western end of the platform, which was covered with a large puddle of water, Aligheri descended a small metal staircase that led to the tracks, slipped on the top step, which was also wet, and injured his left knee. According to Aligheri, Allied was responsible for cleaning and maintaining the platform and staircase. Allied contends, however, that it was not responsible for maintaining the area unless notified by the Long Island Railroad ("LIRR") that a wet condition existed.

Although Aligheri named Amtrak as a defendant in the summons and complaint, he apparently failed to serve Amtrak with process. On April 10, 1992, Allied filed a third-party action against Amtrak, seeking indemnification and contribution. Subsequently, on April 23, 1992, prior to answering the third-party complaint, Amtrak removed the third-party action to this Court, pursuant to 28 U.S.C. § 1331.

On May 11, 1992, Aligheri served a note of issue in State Court on defendants LIRR and Allied, demanding a trial by jury in the original action. Subsequently, on May 15, 1992, Amtrak removed the entire action to this Court.

---

1. Defendant/Third–Party Plaintiff Allied Maintenance Corp. ("Allied") does not oppose this motion. *See* letter from Scott D. Middleton to the Hon. Shirley Wohl Kram of 11/10/93.

2. Unless otherwise noted, the following facts are taken from the pleadings, affirmation of Salvatore A. Moscatt, dated September 9, 1993 (the "Moscatt Aff."), affirmation of Anthony W. Amato, Jr., dated September 27, 1993 (the "Amato Aff."), affirmation of William J. Blumenschein, dated September 27, 1993 (the "Blumenschein Aff."), statement by Virginia B. Curry, pursuant to Civil Rule 3(g), dated October 6, 1993, affidavit of Anthony W. Amato, Jr., sworn to on November 15, 1993, and affidavit of Cathleen Giannetta, sworn to on November 30, 1993 ("Giannetta Aff.").

## DISCUSSION

### I. Aligheri's Motion for Trial by Jury

Rule 38(b) of the Federal Rules of Civil Procedure provides, in relevant part:

Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

Fed.R.Civ.P. 38(b). According to Rule 38(d), "failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d). Pursuant to Rule 39(b), however, a trial judge may exercise his or her discretion and grant a jury trial, despite the failure of a party to comply with the time provision set forth in Rule 38(b).[3] *See Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir.1983).

██ Federal Rule of Civil Procedure 81(c) contains special provisions applicable to cases removed from state court.[4] First, where all necessary pleadings have been served prior to removal, the removing party must serve the demand for a jury trial within ten days after the removal petition is filed. Fed. R.Civ.P. 81(c). All other parties must make the demand for a jury trial within ten days after service of the notice of filing the removal petition. Second, where a party has, before removal, requested a jury in accordance with state law, no further affirmative step is required in federal court. *Id.* Third, where state law does not require the parties to expressly claim trial by jury, no additional steps need be taken in federal court unless the district court directs that a specific demand be made. *Id.*

According to New York law, a "party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury." N.Y.Civ. Prac.L. & R. § 4102(a) (McKinney's 1992). The statute does not specify when the note of issue must be filed, and provides that the Court "may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." N.Y.Civ.Prac.L. & R. § 4102(e) (McKinney's 1992).

In the present case, Aligheri failed to demand a jury trial within the time limits set forth in Rule 38(b). Nonetheless, he is entitled to a jury trial, pursuant to Rule 81(c), as he expressly demanded a jury trial in accordance with New York law prior to removal. *See* Note of Issue, annexed to the Amato Aff. as Exh. "1." Accordingly, Aligheri's motion for a jury trial is granted.

The Court finds, however, that the third-party action may not be tried by jury, as Allied did not demand a jury trial in its third-party pleadings, and its time to do so has expired under Rule 38(b). Nevertheless, in the interests of judicial economy, the jury empaneled in the original action shall serve in an advisory capacity with respect to the third-party complaint, pursuant to Rule 39(c) of the Federal Rules of Civil Procedure.[5] *See Espinosa v. Van Dorn Plastic Mach. Co.,* 813 F.Supp. 252, 254 (S.D.N.Y.1993) (allow-

---

**3.** Rule 39(b) provides, in relevant part: "[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b).

**4.** Fed.R.Civ.P. 81(c) provides, in pertinent part:

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

**5.** Rule 39(c) provides, in relevant part: "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury." Fed.R.Civ.P. 39(c).

ing a jury to serve in an advisory capacity with respect to the third-party complaint).

## II. Allied's Motion for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must initially satisfy a burden of demonstrating the absence of a genuine issue of material fact, which can be done merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). The nonmoving party then must meet a burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552.

The Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." *Eastway Constr. Corp. v. New York,* 762 F.2d 243, 249 (2d Cir.1985); *see also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142 (1970); *Hathaway v. Coughlin,* 841 F.2d 48, 50 (2d Cir.1988); *Knight v. United States Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). But the Court is to inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for the party," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and to grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative. *Id.* at 249–50, 106 S.Ct. at 2510–11; *Knight v. United States Fire Ins. Co.,* 804 F.2d at 12, 15; *Argus Inc. v. Eastman Kodak Co.,* 801 F.2d 38, 45 (2d Cir.1986), *cert. denied,* 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). To determine whether the nonmoving party has met his or her burden, the Court must focus on both the materiality and the genuineness of the factual issues raised by the nonmovant. As to materiality, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510. A dispute over irrelevant or unnecessary facts will not preclude summary judgment, *id.,* but the presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of the summary judgment motion. *See, e.g., Knight v. United States Fire Ins. Co.,* 804 F.2d at 11–12.

■ Once the nonmoving party has successfully met the burden of establishing the existence of a genuine dispute as to an issue of material fact, summary judgment must be denied unless the moving party comes forward with additional evidence sufficient to satisfy his or her ultimate burden under Rule 56. *See Celotex Corp. v. Catrett,* 477 U.S. at 330, n. 2, 106 S.Ct. at 2556, n. 2 (Brennan, J. dissenting). In sum, if the Court determines that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)); *see also Weg v. Macchiarola,* 654 F.Supp. 1189, 1191–92 (S.D.N.Y.1987).

■ When making a motion for summary judgment, the parties must comply with Local Rule 3(g) of the Civil Rules for the Southern and Eastern Districts of New York. Rule 3(g) provides:

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Fail-

ure to submit such a statement constitutes grounds for denial of the motion.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

The failure of the moving party to submit a Rule 3(g) statement annexed to the notice of motion is thus grounds for denial of the motion. Moreover, all material facts set forth by the moving party will be deemed to be admitted by the nonmoving party unless controverted by its Rule 3(g) statement.

In the case at hand, both parties failed to comply with the requirements of Rule 3(g). First, while Allied submitted a Rule 3(g) statement with its reply papers, its failure to annex a Rule 3(g) statement to its notice of motion constitutes grounds for denial of the motion. *See Grant v. New York*, 91 Civ. 4266, 1992 WL 77562, at *1, 1992 U.S.Dist. LEXIS 3615, at *9 (S.D.N.Y. March 25, 1992). Second, Aligheri also failed to submit a Rule 3(g) statement, which normally would lead the Court to deem the allegations contained in the movant's Rule 3(g) statement admitted. *See Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir.1984) (where non-movants did not submit Rule 3(g) statement, the facts set forth in movants' statement were properly deemed admitted); *Goldberg v. Colonial Metal Spinning & Stamping Co.*, 92 Civ. 3721, 1993 WL 361672, at *9, 1993 U.S.Dist. LEXIS 12732, at *4 (S.D.N.Y. Sept. 2, 1993) (same).

This Court has been more flexible in its construction of the rule, however, where the evidence submitted by both parties has pointed to the existence of disputed issues of material fact. *See, e.g., Lucky–Goldstar Int'l (America), Inc. v. S.S. California Mercury*, 750 F.Supp. 141, 143 (S.D.N.Y.1990) ("Where the facts required by the 3(g) statement can be gleaned from other documents submitted in support and opposition to the motion, failure to comply with Rule 3(g) does not compel denial."). Accordingly, while the Court cannot condone lack of compliance with Rule 3(g), the Court chooses not to elevate procedure over substance, and will overlook the errors made by both parties.

Turning to Allied's motion for summary judgment, the Court finds that Allied has not met its burden of proving that there is no genuine issue of material fact. Allied contends that it does not bear responsibility for the alleged accident, as it was not responsible for removing and cleaning spills on the platform unless notified by the LIRR that such spills existed. Allied contends further that there is no evidence that it had actual or constructive notice of the wet condition. The Court finds, however, that genuine issues of material fact exist as to whether Allied was responsible for maintaining the area in the absence of notification by the LIRR of a wet condition. At his deposition, LIRR employee Charles O'Brien testified that "Allied cleaners would clean up the puddle if ... their supervisor in his normal tour of duty would have found it and had it done." *See* deposition of Charles O'Brien, annexed to the Moscatt Aff. as Exh. "G," at 28. This testimony raises the issue of whether Allied's supervisor was required to make a tour of duty, and if so, whether he did in fact make such a tour.

Furthermore, the Court finds that genuine issues of material fact exist as to whether Allied had actual or constructive notice of the wet condition. Horace Watson, an employee at Allied, stated that he had conducted tours of inspection of Platform 10 prior to April 7, 1984, and had seen water leaking from the ceiling area. *See* deposition of Horace Watson ("Watson Dep."), annexed to the Blumenschein Aff. as Exh. "1," at 14. Watson also revealed that Allied was responsible for "policing" the platforms, raising the issue of whether Allied should have known about the wet area. *See* Watson Dep., annexed to the Amato Aff. as Exh. "2," at 12. In light of these disputed issues of material fact, summary judgment is precluded as a matter of law. Accordingly, Allied's motion for summary judgment is denied.

## CONCLUSION

For the reasons set forth above, Aligheri's motion for a trial by jury, pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, is granted, and the jury empaneled in the original action shall act in an advisory capacity with respect to the third-party action, pursuant to Rule 39(c). Allied's motion for summary judgment, pursuant to Rule 56(c), is denied. The parties shall file a joint pretrial order on or before September 2, 1994, and shall appear for a pretrial conference on Wednesday, September 21, 1994, at 10:30 a.m.

SO ORDERED.