**Marba WILLIAMS, Plaintiff,**

v.

**J.F.K. INTERNATIONAL CARTING CO. and American Airlines, Inc., Defendants.**

No. 95 Civ. 0350 (JES).

United States District Court, S.D. New York.

Jan. 5, 1996.

Stillman & Spiegel, P.C., Bronx, NY, for Plaintiff; Marvin Stillman, of counsel.

Gallagher Gosseen & Faller, Garden City, NY, for Defendant American Airlines; Michael J. Crowley, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Marba Williams filed the instant personal injury action in New York State Supreme court against defendants J.F.K. International Carting Co. ("J.F.K.") and American Airlines, Inc. ("American"). Williams claims that defendants negligently maintained an escalator located in J.F.K. International Airport, causing Williams to slip and fall. Thereafter, American removed the instant action to this Court. Williams failed to file a jury trial demand in either state or federal court, thereby waiving her right to a jury trial. Williams moves herein for relief from that waiver. For the reasons set forth below, Williams' motion is denied.

## BACKGROUND

On November 17, 1994, Williams filed the instant action against defendants J.F.K. and American in the Supreme Court of the State of New York, Bronx County. Affidavit of Charles H. Spiegel dated October 10, 1995 ("Spiegel Aff.") ¶ 4. On January 18, 1995, before either defendant had filed or served an answer, American removed the instant action on basis of diversity jurisdiction. *See* Notice of Removal. On January 20, 1995, American served its answer upon Williams.[1] Answer at 4.

On July 7, 1995, counsel for Williams and counsel for American appeared before this Court for a pre-trial conference. At that time, counsel for Williams did not raise the issue of Williams' desire to try the instant action before a jury, and the Court ruled on certain discovery disputes. At the second pre-trial conference on September 22, 1995,

more than eight months after American had served its answer, counsel for Williams raised for the first time the issue of her jury trial waiver.

At oral argument on November 30, 1995, the parties informed the Court that a second identical action, *Williams v. J.F.K. International Carting Co., et al.*, 95 Civ. 8717 (JES) ("*Williams II* "), had been filed in New York State Supreme court and removed to this Court before either defendant filed or served its answer. Transcript dated November 30, 1995 at 3–4. American removed and served its answer in *Williams II* subsequent to serving its answer in the instant action. *Id.* In *Williams II*, Williams likewise failed to file a timely demand for a jury trial, thereby waiving her right to a jury trial in that action as well. *Id.* at 4.

## DISCUSSION

Under Fed.R.Civ.P. 38(b) ("Rule 38(b)"), a party must demand a jury trial no later than ten days after the last pleading is served.[2] Failure to make a jury trial demand in such manner constitutes a waiver of the right to a jury trial. Fed.R.Civ.P. 38(d). Notwithstanding a party's failure to demand a jury trial in a timely manner, a court in its discretion may order a trial by jury pursuant to Fed.R.Civ.P. 39(b) ("Rule 39(b)").

However, the Court's discretion in granting relief from jury trial waivers under Rule 39(b) has been held to be more limited than that which would exist pursuant to Fed.R.Civ.P. 81(c) ("Rule 81(c)"), which provides, in pertinent part:

Removed Actions. These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.... If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it,

---

1. J.F.K. was served while the action was pending in state court but has neither answered nor otherwise appeared in the instant action. Spiegel Aff. ¶ 4.

2. Federal Rule of Civil Procedure 38(b) provides, in pertinent part:

Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand.... Fed.R.Civ.P. 38(b).

if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.... The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed.R.Civ.P. 81(c).

In *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir.1983), the Second Circuit, mindful of the fact that New York law requires that the request for a jury trial be made by filing it with a note of issue but specifies no time for filing the notice, *see* N.Y.C.P.L.R. § 4102(a) (McKinney's 1992), noted that Rule 81(c) does not specifically address that situation. *See id.* at 391. The court concluded, therefore, that district judges have broader discretion to grant relief from jury trial waivers under Rule 81(c) because of the greater latitude that state court judges have in that regard which federal courts are free to exercise where a case is removed to the federal courts.[3] *See id.*

■ In this case, however, because the responsive pleadings were filed after the action was removed, Rule 38(b) clearly requires that a demand for a jury trial be made within 10 days of the service of the responsive pleading. Had the case been initially filed in the federal court, a jury trial would have been waived if not demanded within 10 days of the service of a responsive pleading. The Court can see no reason why a different result should obtain merely ·because of the fortuitous circumstance that the case was *initially* filed in the state court.

This is especially true since Rule 81(c) gives a litigant in a removed action the right to seek a jury trial within 10 days of the filing of a petition for removal, even if a jury trial has already been waived prior to the removal of the action to the federal court. Thus, even in a situation where no jury trial was demanded in the note of issue and relief from a jury trial waiver was *denied* as a matter of discretion in the state court, the filing of a petition for removal would revive the jury trial rights of the party whose state action has been removed.

■ In any event, even under the broad discretionary power that this Court possesses under *Cascone*, it would be improvident to exercise discretion in Williams' favor in the instant action. In determining whether or not to exercise discretion to grant a party's relief from jury trial waiver, a court must consider three factors: 1) whether or not the parties previously agreed to a jury trial, 2) whether prejudice would result from grant of relief from jury trial waiver, and 3) whether such a case is normally tried by a jury. *See Cascone*, 702 F.2d at 392 (discussing *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006–07 (2d Cir.1975)).

In the instant action, because the parties have proceeded in discovery for ten months with the understanding that the case would be tried before the Court, relief from the jury trial waiver would prejudice American. *See Elgarhi v. Dreis & Krump Mfg. Co.*, 131 F.R.D. '429, 430–31 (S.D.N.Y.1990). Moreover, despite ample opportunities to do so, Williams failed to seek a jury trial until eight months after the action was removed. *See Galella v. Onassis*, 487 F.2d 986, 996–97 (2d Cir.1973) (citing *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967) ("[u]ntimely requests for jury trial must be denied unless some cause beyond mere inadvertence is shown.")

That personal injury actions may normally be tried before a jury does not compel a different conclusion in light of the fact that Williams had two opportunities to timely demand a jury trial. As noted above, Williams filed a subsequent identical action in the

---

**3.** Pursuant to N.Y.C.P.L.R. § 4102(e), a late request for a jury trial may be granted unless

"undue prejudice" to other parties would result. N.Y.C.P.L.R. § 4102(e) (McKinney's 1992).

state court which was thereafter removed to this Court after the instant action was removed. By removing this action to the federal court, the defendant afforded Williams yet another opportunity to make a jury trial demand when the answer was served and filed in federal court. Because Williams' lawyers have twice missed the opportunity to make an appropriate jury trial demand in federal court, this Court declines to exercise its discretion to grant Williams relief from her jury trial waiver.

## CONCLUSION

For the reasons set forth above, Williams' motion for relief from a jury trial waiver shall be and hereby is denied.

It is **SO ORDERED.**