Michael J. TOWNSEND,
Plaintiff–Appellant,

v.

CLAIROL INCORPORATED,
Defendant–Appellee.

No. 01–7341.

United States Court of Appeals,
Second Circuit.

Jan. 17, 2002.

Michael J. Townsend, Wallingford, CT, pro se.

Elizabeth A. Alquist; Albert Zakarian, Pamela M. Chambers, on the brief, Day, Berry & Howard LLP, Hartford, CT, for Appellee.

Present OAKES, VAN GRAAFEILAND and CABRANES, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff Michael J. Townsend timely appeals from a judgment in favor of defendant Clairol Incorporated ("Clairol") following a bench trial before Judge Alvin W. Thompson of the United States District Court for the District of Connecticut on plaintiff's claims of race discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.* Plaintiff alleges that he suffered racial discrimination when he was terminated from employment at Clairol after eighty-nine days on the job. On appeal, plaintiff brings claims challenging the District Court's denial of plaintiff's long overdue demand for a jury trial, as well as various evidentiary rulings and credibility determinations made by the District Court.

Townsend filed his complaint *pro se* on December 11, 1997, but did not make his demand for a jury trial until February 1, 2000, over two years after that request was due pursuant to FED.R.CIV.P. 38(b). He points to the negligence of his former attorney, who did not enter an appearance until April 1998, as the primary reason that a jury demand was not timely filed and, as a secondary justification, notes his initial "assumption as a layperson" that he would automatically receive a jury trial. *See* U.S. Dist. Ct. Jury Demand Oral Argument Tr. of 4/26/00, at 3, 8.

▮ The District Court has the discretion to deny a late jury demand, *see* FED.R.CIV.P. 39(b), and we review the District Court's determination only for abuse of that discretion, *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 393 (2d Cir. 1983). We agree with the reasoning stated by the District Court at oral argument on April 26, 2000, at which plaintiff's delayed jury demand was denied. *See* U.S. Dist. Ct. Jury Demand Oral Argument Tr.

of 4/26/00, at 8–9. Indeed, the defendant should not be held accountable for plaintiff's choice of attorney. *See id.* Moreover, prejudice would likely result to the defendant if a jury trial were permitted at this point, since defendant engaged in litigation planning and strategy for over two years based on the understanding that the case would be heard by bench trial. *See id.* at 6–7, 8–9. In addition, where plaintiff admitted during oral argument before the District Court that he in fact "had no problem with a bench trial," *id.* at 8, appeal of the denial of his jury demand seems disingenuous. Accordingly, we find no abuse of discretion in the District Court's denial of plaintiff's tardy demand for a jury trial.

■ Plaintiff contests several of the District Court's evidentiary rulings, which we will address briefly in turn. However, we note at the outset that a district court enjoys "broad discretion in choosing whether to admit evidence. Accordingly, we review a district court's evidentiary rulings for manifest error." *Raskin v. Wyatt Co.*, 125 F.3d 55, 65–66 (2d Cir.1997) (citations omitted).

■ Plaintiff claims that the District Court erred in excluding evidence of racist comments made by his supervisor at Clairol, Richard Thompson, eight or nine years before plaintiff began working at Clairol. Stray or isolated remarks cannot constitute proof of racial animus on the part of the employer unless the alleged statement has some causal connection to the decision to terminate the plaintiff's employment. *See, e.g., Price Waterhouse v. Hopkins*, 490 U.S. 228, 251, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Haskell v. Kaman Corp.*, 743 F.2d 113, 120 (2d Cir.1984). We agree with the District Court that the remarks that plaintiff sought to bring into evidence were remote in time and not relevant to plaintiff's claim that he, specifical-

ly, was the victim of race discrimination. *See Townsend v. Clairol, Inc.*, No. 3:97–02599, 2001 WL 173764, at *7 (D.Conn. Feb.15, 2001). Accordingly, we find no manifest error in the District Court's ruling.

■ Plaintiff contends that the District Court erred in precluding testimony by two of plaintiff's witnesses regarding allegedly prejudicial treatment that they experienced while working at Clairol. As the District Court observed and explained to the plaintiff, this case is about discrimination allegedly suffered by the plaintiff at the hands of the people who made the decision to terminate plaintiff's employment. U.S. Dist. Ct. Bench Trial Tr., Vol. I, of 2/1/01, at 19; *see also Hopkins*, 490 U.S. at 251, 109 S.Ct. 1775; *Haskell*, 743 F.2d at 120. As such, the District Court did not commit manifest error in refusing to admit testimony about alleged discrimination toward other individuals.

Plaintiff also argues that the District Court erred in holding that Attorney John Bonomi, in-house counsel for Bristol Myers Squibb Company in New York City (Clairol's parent company), did not have to testify; that the Equal Employment Opportunity Commission ("EEOC") position statement prepared by Bonomi on behalf of Clairol was admissible when plaintiff himself offered it; and that a packet of unemployment department documentation was inadmissible.

First, Townsend provides no basis for his claim that Bonomi should have been compelled to testify. Moreover, as the defendant suggests without developing the argument, Bonomi, as in-house counsel to the defendant's parent company located in New York City, may well be outside the subpoena power of the United States District Court for the District of Connecticut. *See* FED.R.CIV.P. 45(c)(3)(A)(ii) ("On timely

motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ... requires a person who is not a party or an officer of a party to travel to a place 100 miles from the place where that person resides, is employed or regularly transacts business in person....").

■ Second, admission of the EEOC position statement prepared by Bonomi on behalf of Clairol was not manifestly erroneous where plaintiff himself offered the document. U.S. Dist. Ct. Bench Trial Tr., Vol. II, of 2/2/01, at 260–61. Plaintiff cannot claim error over the admission of evidence that he introduced. *See McGillin v. Bennett,* 132 U.S. 445, 452–53, 10 S.Ct. 122, 33 L.Ed. 422 (1889) (holding that a party cannot object on appeal to the admission of evidence that he introduced at trial); *United States v. Jones,* 763 F.2d 518, 524 (2d Cir.1985) (stating that the Second Circuit looks with disfavor upon trial tactics whereby defense counsel requests, granted by a trial court, are raised as claim of error on appeal); *United States v. Kohlman,* 469 F.2d 247, 251 (2d Cir. 1972) (where evidence of defendant's prior arrests had been initially introduced by defense counsel to show defendant's lack of capacity to conform his conduct to the requirements of law, defendant could not protest appeal that he was unfairly prejudiced by prosecutor's exploitation of the evidence); *United States v. Kahn,* 366 F.2d 259, 265 (2d Cir.1966) (holding that defendant could not properly object on appeal to a ruling she invited but did not object to when made); *Israel v. United States,* 247 F.2d 426, 431 n. 2 (2d Cir.1957) (defendant could not successfully complain of admission of accident report on appeal where defendant had failed to object to its introduction by plaintiff and defendant later introduced certain portions of it as well); *Tai v. Artuz,* No. 97–3773, 1999 WL 182590, at *4 (S.D.N.Y. Mar.31, 1999) ("[A]

defendant cannot complain about error that his own counsel introduced.... 'Now appellate counsel attempts to complain of the defense-induced error. A defendant cannot have it both ways. This was invited error and therefore not grounds for reversal.' " (quoting *United States v. Reyes–Alvarado,* 963 F.2d 1184 (9th Cir. 1992)).

■ Third, the District Court's ruling excluding a packet of unemployment department documentation from evidence was not manifestly erroneous, because plaintiff was unable to lay a foundation for the document and it was riddled with hearsay. U.S. Dist. Ct. Bench Trial Tr., Vol. I, of 2/1/01, at 101–06.

■ Plaintiff also challenges the District Court's credibility determinations regarding various witnesses, which we review for clear error, *Harte–Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 688, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989); *United States v. Livoti,* 196 F.3d 322, 327 (2d Cir.1999). Plaintiff's bald assertions and conclusory statements that witnesses "lied," told a "bunch of untruths," or changed their testimony, Br. of Pl.-Appellant at 2–5, do not reveal any "clear error" in the District Court's findings of fact that credited the testimony of the witnesses plaintiff alleges were untruthful. *See Townsend,* 2001 WL 173764, at *4.

For the reasons set forth above and substantially for the reasons stated in the District Court's February 15, 2001 Memorandum Opinion, *id.* at *1, the judgment of the District Court is hereby AFFIRMED.